563 A.2d 165

**COMMONWEALTH of Pennsylvania**

v.

**Daniel ROGERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 15, 1989.

Filed Aug. 25, 1989.

Robert Glessner, York, for appellant.

H. Stanley Rebert, Dist. Atty., York, for Com., appellee.

Before BROSKY, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for indecent assault. Appellant contends that the sentence imposed was an abuse of discretion because (1) the court failed to state on the record adequate reasons for the sentence imposed; (2) the probation department's pre-sentence report was bi-

ased; and (3) the ten-month minimum sentence was inappropriate. For the reasons that follow, we affirm.

Appellant was charged with the indecent assault of a six-year-old girl. On January 14, 1987, a jury found appellant guilty of indecent assault. Following post-verdict motions, appellant was granted a new trial. Appellant was again tried before a jury and, on December 15, 1987, was again found guilty. Post-verdict motions were filed and denied and, on June 2, 1988 appellant was sentenced to a ten-to-twenty-three-month term of imprisonment. Appellant's Motion for Reconsideration of Sentence was filed and denied, and this appeal followed.

■ We note preliminarily that because appellant does not challenge the legality of his sentence, his right to appeal is governed by 42 Pa.C.S.A. § 9781(b). The requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) therefore apply. Appellant has failed to include in his brief "a concise statement of the reasons relied upon for allowance of appeal" as required by Rule 2119(f) and *Tuladziecki*. In *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc), however, this Court held that an appellant's failure to comply with Rule 2119(f) and *Tuladziecki*, if not objected to by the appellee, is a waivable procedural violation. *Id.*, 367 Pa.Superior Ct. at 519, 533 A.2d at 138. Here, the Commonwealth has failed to object to the defect in appellant's brief; accordingly, we may proceed to "determine, in [our] own discretion, whether there is a substantial issue requiring [us] to review the discretionary aspects of the sentence imposed by the trial court." *Id.*[1]

---

1. In *Commonwealth v. Gambal*, —— Pa. ——, 561 A.2d 710 (1989), our Supreme Court recently considered the procedure outlined in *Krum*. The Court agreed that, if an appellee fails to object to a Rule 2119(f) defect, we may overlook the defect and proceed to determine whether a substantial question has been presented for review. *Id.*, —— Pa. at ——, 561 A.2d at 713. The *Gambal* Court also ruled, however, that if the absence of the Rule 2119(f) statement "significantly hampered" our ability to determine whether a substantial question existed, we "should be permitted to enforce compliance with Pa.R.A.P. 2119(f). Here, we have carefully reviewed appellant's brief and we are satisfied

█ Appellant's first claim is that the sentence imposed was an abuse of discretion because the court failed to state on the record adequate reasons for the sentence imposed. This claim is waived. Issues regarding the propriety of a sentence are waived unless they are raised before the sentencing court in a motion to modify the sentence. *See, e.g., Commonwealth v. Krum, supra,* 367 Pa.Superior Ct. at 515–16, 533 A.2d at 135. Here, appellant failed to set forth in his motion for reconsideration of sentence a specific claim concerning the adequacy of the court's statement of its reasons for imposing sentence. *See* R.R. at 13–14. Accordingly, appellant has failed to preserve this claim for appellate review.

█ Appellant's next claim is that the sentence imposed was an abuse of discretion because the trial court relied on a biased pre-sentencing report. Initially, we note that we are satisfied that this claim presents a substantial question for our review. In *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988), our Supreme Court emphasized the important role that pre-sentence reports play in the sentencing process:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.... Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed....

*Id.,* 519 Pa. at 101–02, 546 A.2d at 18. In light of the importance of these reports, a claim that a court relied upon a pre-sentence report that was inaccurate or biased raises a colorable argument that the sentence imposed was an abuse

that the absence of the Rule 2119(f) statement does not significantly hamper our ability to review appellant's claims.

of discretion.[2] Accordingly, we grant allowance of appeal as to this issue.

■ Rule 1403 of the Pennsylvania Rules of Criminal Procedure provides in relevant part that that "[t]he pre-sentence investigation report shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the court in determining sentence." *Id.* at 1403(A)(3). Here, appellant's specific argument is that the pre-sentence report was inaccurate or biased because

> a damaging opinion was put into the report which suggested that the defendant was a danger to his wife and daughter ... [but] [u]nfortunately, the Probation department never bothered to place a simple telephone call to the defendant's wife to find out her feelings about the matter. Rather the investigating officer saw no reason to contact the Defendant's wife, ... or employer, to find out what kind of employee he is, ... or husband.

Brief of Appellant at 10. This claim is meritless. First, we note that appellant does not contend that the "damaging opinion" contained in the report was an inaccurate summary of the statement of the witness(es) interviewed by the probation officer. Moreover, although the probation officer did not interview appellant's wife, her "feelings about the matter" were made known when, at sentencing, counsel read a letter from appellant's wife into the record. In the

---

**2.** We are aware that, in *Commonwealth v. Graham,* 372 Pa.Super. 365, 539 A.2d 838 (1988), a panel of this Court held that a claim that the trial court abused its discretion in relying on a potentially biased pre-sentence report did not present a substantial question. *Id.,* 372 Pa.Superior Ct. at 367–68, 539 A.2d at 838–39. *Graham* is distinguishable from this case for two reasons. First, the *Graham* panel noted that the defendant's "sole objection" to the pre-sentence report was that the recommended sentence "was too high and should not be considered." *Id.,* 372 Pa.Superior Ct. at 368 n. 3, 539 A.2d at 839 n. 3. The panel emphasized that "[n]o objection was raised to any other material contained in the report." *Id.* Here, appellant *has* raised an objection to the material contained in the pre-sentence report. Second, we note that *Graham* was decided before our Supreme Court's decision in *Devers.*

letter, appellant's wife indicated that she and her daughter see appellant every day, that they depend on him for support, and that in her opinion he is a hard-working, devoted family man. *See* R.R. at 35–37. In addition, appellant took the stand at the sentencing hearing and testified regarding his prior record and his relationship with his wife and child. *See id.* at 28–30. Thus, in light of the evidence presented by appellant at the sentencing hearing, the sentencing court clearly was presented with sufficient information concerning appellant's character to formulate a proper sentence. Because appellant's claim that the report was biased or inaccurate is unsupported by the record, we conclude that he is not entitled to relief on this ground.

■ Appellant last contends that the ten-month minimum sentence imposed on him was inappropriate. Specifically, appellant argues that a sentence of incarceration is inappropriate because "he is not a danger to his wife and daughter, he regularly supports them through his job as a machinist, and he has not been in trouble with the law since the late 1970's." Brief of Appellant at 11. We note that appellant does not allege that the court was *unaware* of these mitigating factors. Instead, appellant merely argues that the court's *conclusion* —i.e., the actual sentence imposed— was inappropriate in light of that information. This type of claim, which asks us to substitute our judgment for that of the sentencing court, does not present a substantial question that the sentence imposed was inappropriate under the Sentencing Code as a whole. *See Commonwealth v. Tuladziecki, supra* 513 Pa. at 515, 522 A.2d at 20; *Commonwealth v. Billett,* 370 Pa.Super. 125, 131, 535 A.2d 1182, 1185 (1988). Accordingly, we must disallow the appeal as to this issue.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.