627 A.2d 1229

COMMONWEALTH of Pennsylvania,

v.

Sandra Grisel LOPEZ, Appellant.

Superior Court of Pennsylvania.

Argued April 15, 1993.

Filed July 14, 1993.

Theresa Hogan, Easton, for appellant.

John F. Spirk, Asst. Dist. Atty., Easton, for Com., appellee.

Before DEL SOLE, HUDOCK and HOFFMAN, JJ.

HOFFMAN, Judge.

This appeal is from the judgment of sentence following appellant's conviction for aggravated assault [1] and involuntary manslaughter. [2] Appellant contends that the sentencing court erred in not finding that the conviction for aggravated assault merged with the conviction for involuntary manslaughter; the court abused its discretion in sentencing appellant in the aggravated range; and the sentence imposed was excessive in that the court ignored the mitigating circumstances and failed to consider other sentencing alternatives. For the following reasons, we affirm.

On June 23, 1992, after a non-jury trial, appellant Sandra Lopez was convicted of involuntary manslaughter and aggravated assault in connection with the "shaking" death of her four month old child. Following the denial of her post-trial motions, appellant was sentenced to a term of imprisonment of not less than five years nor more than fifteen years for the charge of aggravated assault and a concurrent term of not less than one year nor more than two years for the charge of involuntary manslaughter. Appellant filed a motion for reconsideration of sentence which the court denied on November 10, 1992. This timely appeal followed.

■ Appellant first contends that the sentencing court erred in not finding that the conviction for aggravated assault

---

1. 18 Pa.C.S. § 2702(a)(1).
2. 18 Pa.C.S. § 2504.

merged with the conviction for involuntary manslaughter. We disagree.

Our Supreme Court set forth the test for determining whether two convictions merge for the purposes of sentencing in *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989) in which the court held that only lesser included offenses merge for the purposes of sentencing. This court subsequently summarized the test as follows:

> In order for offenses to merge, one offense must be a "lesser included offense" of the other, i.e. the elements of the lesser offense must be identical to and capable of being wholly subsumed within the elements of the greater offense, and the factual predicate for the lesser included offense must also be part of the factual predicate *required* to establish the greater offense.

*Commonwealth v. Yates*, 386 Pa.Super. 282, 287, 562 A.2d 908, 911 (1989) (emphasis in original). Thus, we must determine whether the crime of aggravated assault is a lesser included offense of the crime of involuntary manslaughter.

The relevant statutory provisions of these two crimes are as follows: Section 2702(a)(1) provides that a person is guilty of aggravated assault if she: "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). Section 2504(a) provides that "a person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, [s]he causes the death of another person." 18 Pa.C.S. § 2504(a).

Malice is a required element of aggravated assault but not involuntary manslaughter. Malice " 'exists not only where there is a particular ill will, but also whenever there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty.' " *Commonwealth v. Hickson*, 402 Pa.Super. 53,

60, 586 A.2d 393, 396 (1990) (quoting *Commonwealth v. Horn-berger,* 441 Pa. 57, 61, 270 A.2d 195, 197 (1970)), *appeal denied,* 527 Pa. 663, 593 A.2d 838 (1991). Aggravated assault, pursuant to 18 Pa.C.S. § 2702(a)(1), requires an act done "recklessly under circumstances manifesting extreme indifference to the value of human life". The commission of such an act requires malice. *See, e.g., Commonwealth v. Scofield,* 360 Pa.Super. 552, 556, 521 A.2d 40, 42 (1987) ("facts raised legal implication of malice though defendant was not actuated by express malice ...") (quoting *Commonwealth v. Raspa,* 138 Pa.Super. 26, 29, 9 A.2d 925, 927 (1939), *appeal denied,* 517 Pa. 593, 535 A.2d 82 (1987).

A conviction for involuntary manslaughter, on the other hand, does not require proof of malice. *See In Interest of Smith,* 396 Pa.Super. 624, 637, 579 A.2d 889, 895 (1990), *appeal denied,* 527 Pa. 610, 590 A.2d 296 (1991); *Commonwealth v. Moore,* 463 Pa. 317, 322, 344 A.2d 850, 853 (1975). Thus, although both crimes may involve a degree of recklessness, the reckless conduct involved in aggravated assault, unlike that included in the definition of involuntary manslaughter, is of such a degree that it gives rise to an inference of malice. As the element of malice is absent in involuntary manslaughter, aggravated assault under 18 Pa.C.S. § 2702(a)(1) cannot be a lesser included offense of involuntary manslaughter.

Moreover, in *Commonwealth v. Anderson,* 416 Pa.Super. 203, 610 A.2d 1042 (1992) (*en banc*), this court held that the crimes of attempted murder and aggravated assault do not merge for sentencing purposes. In reaching that decision, the majority stated that "[a]n additional, independent basis for finding that the two crimes do not merge is the fact that 'a lesser included offense' cannot be a higher-graded felony than the crime in which it is supposedly included." *Id.* at 225, 610 A.2d at 1053. Applying that rationale to the instant matter, we must likewise conclude that aggravated assault, here a felony of the first degree, is not a lesser included offense of

involuntary manslaughter, a misdemeanor of the first degree.[3] Hence, they do not merge for sentencing purposes.

Appellant next contends that the court improperly imposed a sentence in the aggravated range where there are no aggravating factors and where the court failed to state any aggravating factors at the time of sentencing. This claim is meritless.

Appellant was sentenced to a period of incarceration of not less than sixty (60) months nor more than one hundred eighty (180) months. Under the guidelines, the standard range is thirty to sixty months and the aggravated range is sixty to seventy-five months. Thus, appellant's sentence (sixty months) falls on the cusp of the standard and aggravated ranges. Unless the trial court states to the contrary, this court will presume that a sentence at the bound of the standard and aggravated ranges falls in the aggravated range. *Commonwealth v. Hoover*, 342 Pa.Super. 163, 166, 492 A.2d 443, 444 (1985). Here, however, the trial court explicitly stated that the sentence was in the standard range. N.T., 10/20/92, at 13. As appellant was sentenced in the standard range, the court was not required to state reasons for sentencing her in the aggravated range. Accordingly, appellant's arguments pertaining to the propriety of a sentence in the aggravated range must fail.

Appellant's final contention concerns discretionary aspects of her sentence. We first note that appellant has complied with the requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) and proceed to determine whether appellant presents a substantial question requiring us to review the discretionary aspects of sentence. *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987). Appellant contends that the sentencing court abused its discretion when it ignored the mitigating circumstances in the record and failed to address factors weighing in favor of probation and other sentencing alternatives. Appellant does not allege that the trial court was unaware of these

3. *See* 18 Pa.C.S. §§ 2702(b), 2504(b).

mitigating circumstances. Instead, she argues that the court did not attach sufficient weight to these factors and expresses her disagreement with the conclusion reached by the sentencing court. This type of claim, which asks us to substitute our judgment for that of the sentencing court, does not present a substantial question that the sentence imposed was inappropriate under the Sentencing Code as a whole. *See Commonwealth v. Hobson,* 413 Pa.Super. 29, 604 A.2d 717 (1992); *Commonwealth v. Rogers,* 386 Pa.Super. 476, 563 A.2d 165 (1989). Accordingly, we disallow the appeal as to this claim.

For the foregoing reasons, we affirm judgment of sentence.

Affirmed.