J-S15025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DYWANE DEER | |
| Appellant | No. 733 MDA 2014 |

Appeal from the Judgment of Sentence of February 11, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0001943-2013

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 30, 2015**

Michael Dywane Deer[1] appeals the judgment of sentence entered on February 11, 2014.  He contends that the trial court abused its discretion by failing adequately to consider Deer's rehabilitative needs in directing that Deer serve a state rather than a county sentence.  He also challenges the trial court's calculation of time served relative to the instant conviction.  We affirm.

On December 10, 2013, Deer pleaded guilty to driving under the influence ("DUI"), general impairment with refusal (third or subsequent

---

[1]   In Deer's brief, his attorney identifies his middle name as Dwayne. However, the trial court docket, and consequently our docket, lists Deer's middle name as Dywane.  Upon the record before us, we cannot determine with any confidence which spelling is correct.  Accordingly, we use the spelling that appears on our and the trial court's docket.

offense), **see** 75 Pa.C.S. § 3802(a)(1).[2]  The Commonwealth recommended that the trial court impose only the mandatory minimum one-year sentence.[3]  On February 11, 2014, the trial court imposed a sentence of one to five years' imprisonment to be served in a state correctional institution and gave Deer credit for twenty days' time served, consisting of the periods between July 12 and July 22, 2013, and January 1 and January 9, 2014.  These periods bracketed his service, from July 23, 2013 to December 31, 2013, of two sentences imposed upon Deer for two prior parole violations.

At sentencing, the court had before it a pre-sentence investigation report, which detailed a litany of prior offenses and serial parole violations, both in Pennsylvania and out-of-state jurisdictions.  As well, it had before it a sentencing recommendation from the Cumberland County adult probation office, which recommended a standard-range sentence.  The mitigated-

---

[2]    Deer's counsel, in defiance of Rule Pa.R.A.P. 2117(b) (requiring the exclusion from the statement of the case of "[a]ll argument"), impugns argumentatively the events that led law enforcement to conduct a traffic stop on Deer and various other matters surrounding his arrest.  Deer does not rely upon any of these contentions in presenting argument in support of this appeal.  Because we find that providing a full factual and procedural history of this case would add nothing of substance to our analysis, we omit it in the interests of brevity.

[3]    Under the circumstances of this case, Deer was subject to a mandatory sentence of one year's incarceration.  Although a conviction for DUI general impairment generally calls for a minimum sentence of ten days' imprisonment, **see** 75 Pa.C.S. § 3804(a)(3), Deer's lengthy prior record, reflected in a prior record score of five, incurred a one-year mandatory minimum sentence.  **See** Guideline Sentencing Form at 1.

range sentence provided for twelve months' imprisonment, the standard-range sentence was twelve to eighteen months' imprisonment, and the aggravated range called for a sentence of twenty-one months.

With regard to sentencing, counsel for Deer offered only the following argument: "[Deer] would ask if you would consider a county sentence. I know [Deer] has a heavy background, but he bailed out. He's here today. He's got a family. He would like to get a county sentence with work release and at least provide some money for his family." Notes of Testimony—Sentencing, 2/11/2014 ("N.T.S."), at 2. On his own behalf, Deer expressed his desire "to apologize to my community of Carlisle. I would like to apologize, also, to my family, especially." *Id.* at 3.

As noted, the trial court imposed a sentence of one to five years' imprisonment in a state correctional facility.[4] The trial court offered the following brief explanation of its basis for the sentence:

> As I look at your record, the last thing that we want to have is to deal with you at the county level for the next five years. Your adjustment on county parole has been atrocious, going all the way back to 1999. It's parole revocation after parole revocation, supervision extended, probation revocation, supervision

_____

[4] Pursuant to 42 Pa.C.S. § 9762(a)(1), the trial court's imposition of a maximum sentence of five years left the court no discretion to order that Deer's sentence be served in a county jail. Consequently, Deer's argument necessarily depends upon the implicit proposition that the trial court should have imposed a maximum sentence of one day less than five years' imprisonment, if not less, which would have enabled the trial court in its discretion to place Deer in a county or state facility, pursuant to subsection 9762(a)(2).

> extended, probation revocation, parole revocation. I just can't, in good conscience, allow you to stay in the county.

*Id.* at 3.

Thereafter, Deer filed a timely "Motion to Reconsider Sentence and Add Time Credit." Therein, Deer asked the trial court to impose a county sentence because "many of the parole transgressions were from other counties for which no background was made available to [the trial] court as to the reasons for same." Motion to Reconsider Sentence and to Add Time Credit, 2/21/2014, at 1. He added that "[w]hat stands out from Deer's prior record is alcohol and drug abuse for which it is believed that Deer could benefit [from treatment,] and there are county[-]level programs in place for him." *Id.* at 2. If the court were unwilling to reduce the duration of the sentence, *see supra* n.3, Deer asked the court in the alternative to modify his sentence "in favor of the 2-year State Intermediate Punishment Program[,] which would address Deer's abuse history, his present charges related to drugs and/or alcohol[,] and the supervision would be with the state." *Id.*[5]

_____

[5] Before this Court, as well, Deer argues that the trial court should have referred his case for state intermediate punishment pursuant to 62 Pa.C.S. § 4101. *See* Brief for Deer at 26-28. However, pursuant to subsection 4104(a)(1), "the court may, **upon motion of the Commonwealth**, commit a defendant to [DOC] for the purpose of evaluating whether the defendant would benefit from a drug offender treatment program . . . ." 62 Pa.C.S. § 4104(a)(1) (emphasis added). In this case, Deer does not assert, nor does the record suggest, that the Commonwealth made such a motion. Deer makes no argument that the trial
*(Footnote Continued Next Page)*

On April 1, 2014, the trial court held a hearing to address Deer's motion. With regard to Deer's requested reduction or modification of sentence, Deer's counsel offered essentially no argument, observing simply that he did not "have a lot to add to what [he] said at sentencing." Notes of Testimony—Post-Sentence-Motion ("N.T.P.S.M."), 4/1/2014, at 2. Deer augmented his attorney's comments in the following exchange with the trial court:

> THE COURT: Anything you want to add to that, Mr. Deer?
>
> [DEER:] Yes, Your Honor. I was just hoping that I could receive treatment from Cumberland County and work release, along with the Gaudenzia program that the county also offers.
>
> THE COURT: Well, the problem with Cumberland County right now is that we have no funding for in[-]patient treatment, which I think is what you need.
>
> [DEER:] Which I would be able to provide through work release, I would be able to pay out of pocket.
>
> THE COURT: Not for in[-]patient.
>
> [COUNSEL FOR DEER:] Did you have anything like Gateway insurance or anything like that that you had previously?
>
> THE COURT: Well, there are programs at the state that deal with drug and alcohol issues.
>
> [DEER:] Which is all overcrowded, sir. That's why I plead to the Court to reconsider my sentence so that way I could make a push to do it on my own. I am also studying the Bible with a spiritual advisor, Philip Peeple (phonetic), who's been a part of the community for over 50 years and attends the

*(Footnote Continued)* ——————————

court has discretion to make such a referral *sua sponte*, *i.e.*, without a Commonwealth motion. Accordingly, we will not consider this argument.

- 5 -

congregation on Mooredale Drive in Carlisle, which is Jehovah's Witness.

THE COURT: The problem, Mr. Deer, is that you were on parole in Cumberland County in 2004. That had to be revoked several times in 2005, three times in four months. You were on probation in 2007 in Cumberland County, and that had to be revoked. You were on parole—I won't even deal with Franklin County. You received a probationary sentence in 2013 in Cumberland County. That probationary sentence had to be revoked. You were given three days to six months on that sentence, and that parole—you were paroled, and that parole had to be revoked. So, I mean, you just do not respond well to county parole.

[DEER:] The difference now, sir, is that I'm studying the Bible . . . . I'm turning my life over to God and to be more mature with myself. I'm not getting any younger.

THE COURT: That's obvious. The same God in Cumberland County Prison is the God that's in the state correctional institution.

[DEER:] I understand that, sir. The difference is, like I said in the beginning, that the state is way overcrowded. For me to even get into a program, it's by the luck of the [Department of Corrections]; which with this, I could be doing it on my own and be monitored by the same probation officers that already know who I am.

THE COURT: You don't listen to them. It's the probation officers that recommended the state incarceration.[6]

* * * *

[DEER:] . . . I believe I deserve this chance to prove to the Court and to myself and also to my family that I can do this. I don't want to lose my family, and I definitely don't want to lose myself. It's because of the alcohol abuse.

_____

6 ***See*** Cumberland County Adult Probation Memo, 1/30/2014, at 1 (noting the standard range of twelve months' incarceration and recommending a standard-range sentence).

THE COURT:    I understand that, and I hope you can get the treatment that you need in the state facilities, Mr. Deer.  We've reached the end of our rope here, sir.

*Id.* at 4-7.  At the conclusion of the hearing, the trial court denied Deer's post-sentence motion in an order that was docketed on April 2, 2014.

On April 30, 2014, Deer filed a timely notice of appeal.  On May 1, 2014, the trial court filed an order directing Deer to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Deer timely complied.  Thereafter, the trial court issued a brief Rule 1925(a) statement, in which it directed this Court's attention to the trial court's above-excerpted comments during the hearing it held on Deer's post-sentence motion in lieu of a full opinion.

Before this Court, Deer raises the following issues:

   I.   Was the trial court's denial of modification of [Deer's] state sentence an abuse of discretion?

   II.   Was the trial court's denial of [Deer's] post-sentence motion to add time credit where [Deer] had a period of unmade bail not accounted for by the court at sentencing an abuse of discretion?

Brief for Deer at 5 (capitalization modified).[7]

In Deer's first issue, he asserts that the trial court failed to consider his rehabilitative needs and relied upon impermissible, extrinsic considerations in fashioning his sentence, which implicates discretionary aspects of his sentence.  ***See, e.g., Commonwealth v. Dodge***, 77 A.3d

---

[7]   The Commonwealth has declined to file a brief.

1263, 1273 (Pa. Super. 2013).  "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004).  To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must preserve the challenge in a post-sentence motion and in his Rule 1925(b) statement, and he must include a Pa.R.A.P. 2119(f) statement in his brief.[8]  *Dodge*, 77 A.3d at 1269.  In the Rule 2119(f) statement, "the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274.  A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002)).

_____

[8]    In pertinent part, Rule 2119 provides the following:

> **(f)  Discretionary aspects of sentence.**  An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

"Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis in ***Goggins***). "[I]f the sentencing court, after considering the appropriate sentencing factors,[9] states valid reasons for its sentence, which are supported by the record, this Court must affirm the decision even if the particular panel does not agree with the weight the sentencing court accorded them." ***Commonwealth v. Marts***, 889 A.2d 608, 617 (Pa. Super. 2005).

Deer's Rule 2119(f) statement is deficient. Although Deer faithfully recites the legal standard applicable to challenges to the discretionary aspects of sentence and provides case law that establishes that the challenges raised herein implicate the trial court's sentencing discretion, ***see*** Brief for Deer at 19-20, he does not tie those principles to the circumstances of this case. Merely asserting a right to review does not, by itself, clear the "substantial question" hurdle. If it did, compliance with Rule 2119(f) would be nothing but a formality. ***See Commonwealth v. Mouzon***, 812 A.2d

---

[9] Pursuant to 42 Pa.C.S. § 9721(b), the trial court is directed to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

617, 627 (Pa. 2002) ("[O]nly where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question . . . .").

Despite the deficiencies in Deer's Rule 2119(f) statement, we will not deem his sentencing challenge waived for that reason. The argument section of his brief sets forth a challenge to the sufficiency of the trial court's consideration of his individual rehabilitative needs, and therein he discusses, as such and at greater length, the substantial question requirement. *See* Brief for Appellant at 21-23 (citing *Commonwealth v. Downing*, 990 A.2d 788 (Pa. Super. 2010)). Moreover, when the Commonwealth raises no objection to a Rule 2119(f)'s technical adequacy, we may overlook the deficiency. *Commonwealth v. Hobson*, 604 A.2d 717, 720 n.9 (Pa. Super. 1992).

In his own words, the substance of Deer's challenge is as follows:

Mr. Deer asked of the sentencing court to consider, in particular, his rehabilitative needs to determine the manner of and location where—county prison or [a state correctional institution—]his sentence would be served. From the [t]ranscript of the [sentencing p]roceedings . . . there's a palpable, almost personal[] sense of ill will toward Mr. Deer by the [trial c]ourt found in [the court's] statement in regard to the request. "As I look at your record, the last thing that we want to have is to deal with you at the county level for the next five years. Your

adjustment on county parole has been atrocious, going all the way back to 1999."[10]

In part, the [trial c]ourt arrived at its sentencing decision on the *ad hominem* statements noted above. It did not consider the "nature and circumstances of the offense and the history and characteristics of the defendant." 42 Pa.C.S. § 9781(d)(1). It did not consider the nature of the state sentence it imposed in light of the parole violations from other counties for which no background information was made available to the [trial c]ourt. Nor did the [c]ourt avail itself [of] medical or psychological background information that may have concerned the substance abuse connection to the crimes . . . .

\* \* \* \*

[I]t is Mr. Deer's alcohol abuse that has loomed like the sword of Damocles above his head for untold years, and so much the reason for his recidivist record. Consequently, his rehabilitative needs loomed large over the proceedings.

\* \* \* \*

Mr. Deer offered considerable logic as to his particular need for rehabilitative treatment during incarceration, and most importantly at a county facility as opposed to an SCI. . . . Mr. Deer reasoned, "The difference is . . . that the state [facilities are] way overcrowded for me to even get into a program it's by the luck of the [Department of Corrections] . . . ."

\* \* \* \*

For the [trial c]ourt, financial considerations held greater weight than the actual rehabilitative aspect; and without greater specific disclosure as to what the financial issues were to the [c]ourt, too subjective a consideration to substantiate. All we have is "[W]ell, the problem with Cumberland County right now is that we have *no funding for inpatient treatment, which I think is what you need.*"

_____

[10] In violation of Pa.R.A.P. 2117(a)(4) and 2119(c), Deer does not cite record sources for his various characterizations and quotations of the sentencing proceedings.

Brief for Deer at 22-29 (citations modified; emphasis added by Deer).[11]

In effect, Deer contends that the trial court did not adequately consider his rehabilitative needs in fashioning a sentence that denied him the opportunity to pursue substance abuse treatment in the Cumberland County jail rather than in an SCI. He also contends that the trial court did not state an appropriate reason during the sentencing proceeding, and that the trial court improperly noted that "the last thing that we want to have is to deal with you at the county level for the next five years."

Deer is correct that the trial court's brief comments at sentencing, which did not include any reference to Deer's rehabilitative needs, were at best of questionable adequacy. *See* 42 Pa.C.S. § 9721 (in relevant part, requiring that the court to "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed"). However, the trial court vitiated any such deficiency by providing a more detailed explanation during the hearing on Deer's post-sentence motions. Therein, the trial court specifically recited Deer's long history of parole and probation violations. Moreover, the trial court did not dispute Deer's claims that his alcohol abuse was a substantial factor in his lengthy criminal record, or that Deer was a candidate for

---

[11] Notably, even as Deer criticizes the court for relying upon unsubstantiated considerations regarding the lack of funding in Cumberland County for in-patient treatment, he relies upon an equally unsubstantiated claim regarding the state correctional system's ability to provide treatment.

substance abuse treatment. To the contrary, the trial court underscored Deer's need for treatment. Nonetheless, the trial court determined in its judgment that Deer would be better served in the state system.

Deer merely insists that the trial court exercised its discretion poorly in light of the available information, which included a pre-sentence investigation and Deer's own comments to the effect that his alcoholism was a factor in mitigation. In **Commonwealth v. Lopez**, this Court found no substantial question where the appellant contended that the trial court "abused its discretion when it ignored the mitigating circumstances in the record, and failed to address factors weighing in favor of probation and other sentencing alternatives." 627 A.2d 1229, 1231 (Pa. Super. 1993).[12] The appellant did not allege that the trial court was unaware of the mitigating circumstances in question, but rather challenged the trial court's weighing of these considerations. We held that "[t]his type of claim, which asks us to substitute our judgment for that of the sentencing court, does not present a substantial question that the sentence imposed was inappropriate under the Sentencing Code." **Id.** at 1231-32; **accord Commonwealth v. Wellor**, 731 A.2d 152, 154 (Pa. Super. 1999) (citing **Commonwealth v. Rivera**, 637 A.2d 1015, 1017 (Pa. Super. 1994) (finding no substantial question

_____

[12] This Court has called the **Lopez** decision into question regarding its resolution of an issue with no bearing on the substantial question analysis. **See Commonwealth v. Rosario-Hernandez**, 666 A.2d 292, 299 (Pa. Super. 1995).

- 13 -

when appellant merely argued that trial court "inappropriately applied correct information," because appellant was "effectively asking this [C]ourt to substitute our judgment for that of the lower court")); *Commonwealth v. Hobson*, 604 A.2d 717, 721 (Pa. Super. 1992) (same); *Commonwealth v. Rogers*, 563 A.2d 165, 168 (Pa. Super. 1989) (same).

Deer asks this Court to substitute our judgment for that of the trial court, which does not present a substantial question. Consequently, we do not reach the merits of this argument.

In his second issue, Deer challenges the trial court's refusal to award credit for time that he does not dispute he was serving for parole revocations that took precedence over his incarceration pending charges in the instant matter. Deer acknowledges that the trial court had discretion to award what would have amounted to "double credit," and abused that discretion in declining to do so. Deer does not assert that the trial court violated the law or otherwise objectively erred in calculating Deer's credit for time served.

As set forth, the trial court explained its reasons for opting not to award double credit as follows:

> [COUNSEL FOR DEER:] The reasons for requesting additional time credit was back at the time of the preliminary hearing, which was back on July 12th of 2013, the case did get held for court, and the bail was set at $500.00 back then. So [the court] set $500.00 bail on him up until the time of the date of the sentencing.
>
> THE COURT:     Right, and we gave him credit from the time—the date bail was set until July 23rd, when he was revoked and

- 14 -

recommitted on MD 288-213. Then on August 27 he was sentenced to 2 to 12 months on 1278 Criminal 2013, which ran consecutive to the 288 MD 2013. He maxed out on the MD 288-2013 on September 30, 2013, at which time his sentence on 1278 Criminal 2013 went into effect. He did his three months on that and was paroled on 12/31/13, and we gave him credit from that date until he actually made bail on January 9, 2014. So we gave him credit for every day he served on this charge that he did not serve on another charge.

＊ ＊ ＊ ＊

[COUNSEL FOR DEER:] . . . I think it would be up to the Court if he gets credit for the time that he continuously did on this charge or not. I mean, I know there is no entitlement to double credit.

THE COURT: And we saw no reason to give him the double credit. It was a mandatory sentence . . . . We could have sentenced him to one and a half years, but we didn't, so we gave him credit in that regard.

N.T.P.S.M. at 2-3

Deer cites a number of authorities in support of his argument. Brief for Deer at 30-35. However, these cases do not establish anything resembling a mandatory obligation on the trial court relative to the circumstances of this case. For example, in *Gaito v. Pennsylvania Board of Probation & Parole*, the Supreme Court held that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." 412 A.2d 568, 571 (Pa. 1980) (quoting *Rodriques v. Penna. Bd. of Prob. & Parole*, 402 A.2d 184, 185-86 (Pa. Cmwlth. 1979)). "If a defendant,

- 15 -

however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.* Notably, the court did **not** hold that, in the latter circumstance, the appellant would be entitled to credit against **both** sentences. The same is true of *Commonwealth v. Mann*, in which this Court held that, "[w]here an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spend in confinement must be credited to **either the new sentence or the original sentence**," **not both**. 957 A.2d 746, 749 (Pa. Super. 2008) (quoting *Martin v. Penna. Bd. of Probation & Parole*, 840 A.2d 299, 309 (Pa. 2003)) (emphasis modified). Indeed, these cases tend to **support** the trial court's decision not to award Deer double credit.

Simply put, Deer's arguments rely upon dubious citations to inapposite cases. Even read most favorably, they fail to establish that Deer was **entitled** to credit not only for the time he served solely on the instant charge but also for the time he served on separate matters. Moreover, Deer does not maintain that the trial court failed to account for every moment that Deer served during the pendency of the instant charges, such that Deer was denied credit for any such time. Nothing Deer cites, read in isolation or in tandem with the facts of his case, establishes a basis for the trial court to have awarded double-credit, let alone a reason that we might find that the court's failure to do so constituted an abuse of any such discretion. Consequently, this argument lacks merit.

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/2015