J-S08037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROGER WILLIAMSON | : | |
| | : | |
| Appellant | : | No. 1081 WDA 2016 |

Appeal from the Judgment of Sentence July 12, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  9232-2007,
CP-25-CR-0000155-2016

BEFORE:   GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 03, 2017**

Appellant, Roger Williamson, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his jury trial convictions of aggravated assault, resisting arrest or other law enforcement, and public drunkenness and similar misconduct.[1]  We affirm.

The relevant facts and procedural history of this case, as taken from the certified record, are as follows.  On November 24, 2015, emergency first responders received a call that an individual needed assistance.  When the responders arrived at the scene, they found Appellant lying on the ground.  Appellant reeked of alcohol; his speech was slurred; and, he was having

_____

[1] 18 Pa.C.S.A §§ 2702(a)(3), 5104, 5505, respectively.

difficulty sitting up. Appellant refused medical attention and attempted to stagger away. Shortly after, the police arrived and arrested Appellant for public intoxication. Appellant became resistant at the police station, so the officers placed Appellant in control holds and escorted him to his cell where Appellant forcefully resisted entering it. The officers pinned Appellant to the ground; Officer Gabriel Carducci's arm was locked around Appellant's head, near his mouth; and, Appellant bit Officer Carducci's arm repeatedly, causing an open wound.

That day, the Commonwealth charged Appellant with aggravated assault, resisting arrest or other law enforcement, and public drunkenness and similar misconduct. A jury trial ensued on June 7, 2016, and the jury convicted Appellant of the above-mentioned charges on June 9, 2016. With the benefit of a pre-sentence investigation ("PSI") report, the court conducted Appellant's sentencing hearing on July 12, 2016. At the conclusion of the hearing, the court sentenced Appellant to twenty-seven (27) to fifty-four (54) months' imprisonment for aggravated assault and nine (9) to eighteen (18) months' imprisonment for resisting arrest or other law enforcement. The court imposed no further penalty for public drunkenness and similar misconduct. The court also revoked Appellant's probation, at docket number 2932 of 2007, and sentenced him to one (1) to two (2) years' imprisonment for the theft conviction related to that docket number. The court ordered Appellant to serve all of the sentences consecutively;

thus, Appellant received an aggregate sentence of four (4) to eight (8) years' imprisonment.

Appellant filed a post-sentence motion for sentence reconsideration on July 18, 2016, claiming the court failed to fashion a sentence that properly took into account Appellant's need for mental health treatment. The court denied relief the following day. Appellant timely filed a notice of appeal on July 22, 2016, and an amended notice of appeal on July 25, 2016. On August 1, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on August 2, 2016.

Appellant raises one issue for our review:

> DID THE [TRIAL] COURT COMMIT REVERSIBLE ERROR AND ABUSE ITS DISCRETION BY HANDING DOWN A MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE SENTENCE BY SENTENCING [APPELLANT] TO CONSECUTIVE SENTENCES OF IMPRISONMENT CONSIDERING THE TYPE OF CRIME COMMITTED AND [APPELLANT]'S MENTAL HEALTH ISSUES[?]

(Appellant's Brief at 2).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and

- 3 -

modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. ***Mouzon, supra*** at 435, 812 A.2d at 627. Nevertheless, a bare "allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). ***See also Commonwealth v. Kane***, 10 A.3d 327 (Pa.Super. 2010), *appeal denied*, 612 Pa. 689, 29 A.3d 796 (2011) (stating claim that sentencing court failed

to consider factors set forth in 42 Pa.C.S.A. 9721(b) does not raise substantial question).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Robert A. Sambroak, Jr., we conclude Appellant's issue merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 7, 2016 at 3-6) (finding: in fashioning Appellant's sentence, court considered statements of counsel, Appellant's statement, revocation summary, PSI report, behavioral health evaluation of Appellant, and psychiatric evaluation of Appellant by Dr. Craig Rush; while Appellant had issues concerning drugs, alcohol, and mental health, Appellant had many opportunities to address them; for example, Appellant has history of involvement in probation and mental health programs, but Appellant was unable or unwilling to take advantage of available programs or assistance; testimony at trial revealed Appellant, during otherwise routine arrest for minor offense, bit officer, and this incident indicates Appellant is danger to himself and others; Dr. Rush's evaluation concludes similarly; Appellant committed assault on police while on probation; court concluded Appellant would not benefit from lenient sentence of participation in high-intensity mental health treatment program, based on violent nature of offenses, history of medical non-compliance, and conflicting evidence regarding Appellant's eligibility for mental health

program; for same reasons, Appellant's participation in program would not protect community from Appellant's violent and emotional outbursts; in fashioning Appellant's consecutive sentence in high-end of standard range and in state correctional institution, court considered not only Appellant's mental health treatment needs but also protection of community; thus, court's sentence ensures Appellant will receive proper mental health treatment and attention).   Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2017

COMMONWEALTH OF PENNSYLVANIA :IN THE COURT OF COMMON PLEAS

:OF ERIE COUNTY, PENNSYLVANIA

v. :CRIMINAL DIVISION

ROGER WILLIAMSON :DOCKET NOs.: 155-2016 & 2932-2007[1]

## 1925(a) OPINION

On June 9, 2016 a jury in Erie County convicted the Defendant of aggravated assault on a police officer (F2) and resisting arrest (M2). On July 12, 2016 the Defendant was revoked from probation and resentenced at another docket, and sentenced on the charges at docket 155-2016 to serve an aggregate of four (4) years to eight (8) years' incarceration in a state correctional institution. In this timely appeal, the Defendant challenges the sentence as manifestly excessive. A review of the record reveals his claim is without merit. The judgment of sentence should therefore be affirmed.

## PROCEDURAL HISTORY AND FACTS

On June 9, 2016, a jury convicted the Defendant of aggravated assault, a felony of the second degree, and resisting arrest, a misdemeanor of the second degree. This court found the defendant guilty of public drunkenness, a summary offense.

On July 12, 2016 the Defendant was sentenced to serve an aggregate of four (4) to eight (8) years' incarceration in a state correctional institute on the charges at this docket as well as charges stemming from a probation revocation at another docket. The Defendant's timely post-sentence motions were denied.

The Defendant filed a notice of appeal on July 22, 2016. That same day an order was entered directing the Defendant to file a 1925(b) statement within twenty-one days. On July 25, 2016, the Defendant filed an amended notice of appeal, adding the revocation docket to the

---

[1] The Defendant's Amended Notice of Appeal incorrectly states the revocation docket number. A correction is reflected here.

1



caption. Another order was entered directing the defendant to file his 1925(b) statement. The Defendant filed the statement on August 2, 2016.

## ISSUE PRESENTED

The Defendant claims this court abused its discretion and imposed a sentence that was manifestly excessive, unreasonable, and inconsistent with the objectives of the Sentencing Code, specifically, Section 9721(b).

## STANDARD OF REVIEW

The imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Walls, 926 A.2d 957 (Pa. 2007) (citing Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996))*. An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id.*

When considering whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion because it is in the best position to measure the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference. *Commonwealth v. Ellis, 700 A.2d 948, 958 (Pa. Super. 1997).*

Likewise, the imposition of sentence following a revocation of probation is well-settled. "The imposition of sentence following the revocation of probation is vested within the sound discretion of the court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Coolbaugh, 770 A.2d 778, 792 (Pa. Super. 2001)(internal citation omitted).* Further, "the scope of review in an appeal following a sentence imposed after

2

probation revocation is limited to the validity of the revocation proceeding and the legality of the judgment of sentence." *Id.*

Finally, the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court and a challenge in this regard does not raise a substantial question. *Commonwealth v. Lloyd, 878 A.2d 867, 873, citing Commonwealth v. Hoag, 665 A.2d 1212, 1214 (1995)(quoting Commonwealth v. Graham, 661 A.2d 1367, 1373 (Pa. 1995).*

## DISCUSSION

The Defendant challenges the legitimacy of his sentence, claiming it was manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code. The Defendant's claim is not supported by the record.

A sentencing court is required to place on the record its reasons for imposition of sentence. 42 Pa. Cons. Stat. §9721(b). Failure by a court to state of record any reason for the sentence imposed presents a substantial question for review. *Commonwealth v. Cappellini, 690 A.2d 1220 (Pa. Super. 1997).* The sentencing judge can satisfy this requirement by identifying on the record that he was informed by a pre-sentence report. *Commonwealth v. Devers, 546 A.2d 12 (Pa. 1988).*

Where the sentencing court has the benefit of a pre-sentence report, it is presumed the court was aware of the relevant information regarding the Defendant's character and weighed those considerations along with the mitigating statutory factors delineated in the Sentencing Code. *Commonwealth v. Cruz-Centeno, 668 A.2d 536, 545 (Pa. Super. 1995).* An appellate court will not substitute its judgment for that of the sentencing court. *Commonwealth v. Rogers, 563 A.2d 165, 168 (Pa. Super. 1989).*

3

When considering whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion because it is in the best position to measure the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference. *Commonwealth v. Ellis, 700 A.2d 948 (Pa. Super. 1997).*

Among those factors considered in this case and made part of the record were: 1) statements of counsel; 2) the defendant's statement; 3) revocation summary; 4) the pre-sentence report; 5) evaluations from Stairways Behavioral Health; and (6) a psychiatric evaluation authored by Dr. Craig Rush. *Revocation and Sentencing Transcript, 7/12/16, p. 16-17.* This court also presided over the trial on the charges at docket 155-2016.

While it was clear the Defendant had serious issues with drugs, alcohol, and mental health, it was also clear the Defendant was given many previous opportunities to address those problems. *Revocation and Sentencing Transcript, 7/12/16, p. 19.* The revocation marked the Defendant's third time he was before the court for a revocation. The record amply demonstrates he was unable to or unwilling to take advantage of, or benefit from, the programs and assistance available at the county level. Despite the assistance offered, and the Defendant's long involvement with probation and mental health treatment, the Defendant was clearly unable to succeed. *Revocation and Sentencing Transcript, 7/12/16, p. 14, 16, 19.*

The Defendant's conviction at docket 155-2016 stemmed from an incident in which he was found intoxicated, wandering the streets of Erie. After officers found the Defendant and placed him in custody, the Defendant turned what was an otherwise routine arrest for a minor offense into an unprovoked assault on a police officer. The testimony revealed the Defendant bit the officer, drawing blood. *Revocation and Sentencing Transcript, 7/12/16, p. 13.* This incident

4

shows the Defendant is a danger to himself and others. The report authored by Dr. Rush in April, 2014 echoes this conclusion. *Revocation and Sentencing Transcript, 7/12/16, p. 17.*

Of additional importance in the sentence handed down, was the assault on the officer was committed while the Defendant was on supervision. Committing a new offense while on probation warranted a sentence in the aggravated range. However, only a high-end standard range sentence was given at each count. The sentences were imposed consecutively to one another, and to the sentence imposed at the revocation docket, to account for the Defendant's previous failure to address his mental health and substance abuse issues at the county level, the number of times he was revoked from probation, and the repeat nature of the offenses. *Revocation and Sentencing Transcript, 7/12/16, p. 19.*

At the time of sentencing, the Defendant initially argued for a county-level sentence or release into LTS, a high-intensity mental health treatment program. The Defendant later argued that to impose such a lengthy sentence of incarceration in a state facility in lieu of other mental health treatment was inconsistent with the "policies of Section 9721(b)" which require a sentence of incarceration to account for the "rehabilitative needs of the defendant." *See Defendant's Statement of Matters Complained of on Appeal at ¶6.* However, the violent nature of the offenses, the Defendant's history of medical non-compliance, and conflicting testimony from both the Defendant and the District Attorney regarding the Defendant's eligibility for the LTS program did not assure a lenient sentence would serve the dual purpose of addressing the Defendant's needs while protecting the community from the Defendant's violent and emotional outbursts. *Revocation and Sentencing Transcript, 7/12/16, p. 14, 17.* Indeed, on the day of the revocation and sentencing, the Defendant appeared in an orange prison-jumpsuit, which is an indicator he became violent or aggressive while incarcerated in the county prison. When asked

5

to explain, the Defendant indicated he "was upset when he got back one day, and [he] let [his] emotions get the better of [him]." *Revocation and Sentencing Transcript, 7/12/16, p. 11.*

In fashioning a consecutive sentence in a state correctional institute, this court not only took into account the Defendant's mental health and treatment needs, but also the protection of the community. *Revocation and Sentencing Transcript, 7/12/16, p. 19.* Sentencing the Defendant in the high-end standard range and running the sentences consecutively ensures he receives mental health treatment and attention he would otherwise not receive. The judgment of sentence, therefore, was not manifestly excessive or an abuse of discretion.

## CONCLUSION

The Defendant's challenge to his sentence is without support in the record or in the law. The sentence was not manifestly excessive given the Defendant's prior charges, and inability to succeed at the county level. The fact the crimes were committed while the Defendant was on supervision, and the Defendant's history of assaultive behavior further supports this determination. It is therefore respectfully requested the Superior Court affirm the judgment of sentence.

Dated this _____ day of September, 2016.

**BY THE COURT:**

_____ J.

**ROBERT A. SAMBROAK, JR.**

cc: District Attorney's Office

Maria Goellner, Esq. (Public Defender's Office)

6