J-A25041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JARRELL BAKER | |
| Appellant | No. 3304 EDA 2016 |

Appeal from the Judgment of Sentence Entered May 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006671-2015

BEFORE:  OTT, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 11, 2018**

Appellant, Jarrell Baker, appeals from the May 4, 2016 judgment of sentence imposing an aggregate five to ten years of incarceration followed by twenty years of probation for robbery, aggravated assault, and conspiracy.[1] We affirm.

On April 29, 2015, the victim, Jeffrey Bridges, delivered food to 5462 Arlington Street in response to a call placed from Appellant's cell phone.  Upon Bridges' arrival, Appellant and several others pistol-whipped, punched, and kicked him.  The perpetrators also stole Bridges' car and $140.00 in cash from his person.   On September 21, 2015, Appellant pled guilty to the

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3701, 2702, and 903, respectively.

aforementioned offenses. After sentencing, Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence. The motion was denied by operation of law on September 22, 2016. This timely appeal followed.

Appellant's sole assertion of error is that the trial court abused its discretion in imposing sentences above the aggravated guideline range. Appellant's Brief at 5. Before we address the merits, we must determine whether Appellant has raised a substantial question as to the propriety of the trial court's exercise of its sentencing discretion. A substantial question exists if an appellant can show that the trial court's sentence is "inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentence process." ***Commonwealth v. Lee***, 876 A.2d 408, 411 (Pa. Super. 2005). Bald allegations of an excessive sentence will not raise a substantial question. ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2005). "An allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008), ***appeal denied***, 968 A.2d 1280 (Pa. 2009).

In his concise statement of reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f), Appellant claims the trial court abused its discretion in relying largely on the need to punish Appellant for the harm he caused to the victim. Appellant's Brief at 7. Appellant argues the trial court

failed to consider Appellant's background and potential for rehabilitation. *Id.* In essence, Appellant argues the trial court failed to consider certain mitigating factors. Appellant does not argue that the trial court was unaware of the alleged mitigating factors.[2] Rather, he argues the trial court failed to give them sufficient weight. "This type of claim, which asks us to substitute our judgment for that of the sentencing court, does not present a substantial question that the sentence imposed was inappropriate under the Sentencing Code as a whole." *Commonwealth v. Lopez*, 627 A.2d 1229, 1231 (Pa. Super. 1993), *impliedly overruled on other grounds as recognized by*, *Commonwealth v. Rosario-Hernandez*, 627 A.2d 1229, 1231 (Pa. Super. 1993). In light of *Johnson* and *Lopez*, Appellant has failed to present a substantial question for appellate review.

Appellant relies on *Commonwealth v. Jones*, 565 A.2d 732 (Pa. 1989), in which the defendant received 50 to 100 years of incarceration for 21 counts of sexual abuse of children. This Court vacated the sentence in an unpublished memorandum and the Commonwealth appealed to the Supreme Court. The Supreme Court quashed the appeal because the Judicial Code prohibits an appeal of the discretionary aspects of a sentence beyond the

_____

[2] At the time of the instant offense, Appellant was participating in drug treatment court in connection with a prior arrest. N.T. Sentencing, 5/4/16, at 5. The trial court noted that, despite the rehabilitative efforts of the drug treatment court, Appellant participated in a premeditated robbery and assault. Trial Court Opinion, 2/28/17, at 3-4.

appellate court that has initial jurisdiction. ***Id.*** at 734 (citing 42 Pa.C.S.A. § 9781(f)). The Supreme Court nonetheless summarized this Court's reasons for vacating the sentence:

> It is to be noted that the concern expressed by the Superior Court in this matter was that the trial court may have focused 'nearly exclusively' upon the need to punish for the harm caused to the victims, and that in doing so proper consideration was not given to the mental illness under which petitioner labored at the time of these incidents and the prospects of treatment which petitioner was receiving for the malady.

***Id.*** at 735. Appellant argues he has presented a substantial question because here, as in ***Jones***, the trial court relied nearly exclusively on the need to punish Appellant for the harm he caused. Appellant's argument is unavailing. Because this Court in ***Jones*** issued a non-precedential decision and the Supreme Court quashed the Commonwealth's appeal, the Supreme Court's summary of this Court's rationale is *obiter dicta*. We therefore cannot rely on ***Jones*** to conclude that Appellant has raised a substantial question. In any event, the record reflects that the trial court considered all pertinent evidence. N.T. Sentencing, 5/4/16, at 5-10; Trial Court Opinion, 2/28/17, at 3-4.

For all of the foregoing reasons, we conclude that Appellant has failed to present a substantial question as to the propriety of the trial court's exercise of sentencing discretion. We therefore affirm the judgment of sentence without reaching the merits of Appellant's argument.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/11/18</u>