J. S15038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARCEL JENKINS, | : | No. 3451 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 22, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0014283-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARCEL JENKINS, | : | No. 1753 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 22, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0014283-2011

BEFORE: BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 16, 2017**

Marcel Jenkins appeals the judgment of sentence in which the Court of

Common Pleas of Philadelphia County sentenced him to serve 2 to 4 years'

imprisonment for possession with intent to deliver a controlled substance

("PWID") followed by a consecutive term of five years' probation for conspiracy to commit PWID.[1]  We affirm.

The facts, as recounted by the trial court, are as follows:

> On September 8, 2011, as a result of information received, two plainclothes narcotics Philadelphia police officers, Officer Thomas Clarke and Officer Richard Gramlich, set up surveillance at the 2800 block of Kensington Avenue, an area notorious for drug trafficking.  The officers observed [appellant] and Michael Taylor on Kensington Avenue in what, from their experience, appeared to be several drug transactions. (N.T. 12-4-2014, pp. 33-40, 96-102).  During their surveillance over the next hour, the officers observed numerous transactions in which [appellant] and Taylor would retrieve objects directly from either a pay phone, or from a white trash can located inside of a store on that street, and then exchange that object for U.S. Currency with the individual who had just approached them. (N.T. 12-4-2014, pp. 37-38).  Officer Richard Gramlich testified that on two occasions, individuals who had just taken part in one of these exchanges had the clear packet they had received still visible in their hands when they walked past his vehicle.  Officer Gramlich further testified that he immediately recognized the packets as heroin.  (N.T. 12-4-2014, pp. 101-102).

> Once backup uniformed officers arrived to arrest [appellant] and Taylor, a large amount of cash was found on [appellant's] person, and the police confiscated marijuana from the white trash can inside the store, and heroin from the pay phone. (N.T. 12-4-2014, pp. 43-44, 128-129).  The parties stipulated to the chemist report substantiating that the items seized were, indeed, marijuana and heroin. (N.T. 12-4-2014, p. 132).

---

[1] 35 P.S. § 780-113(a)(30) and 18 P.S. § 903(c), respectively.

Trial court opinion, 7/15/16 at 2-3.

On December 5, 2014, following a trial, the jury returned guilty verdicts on the charges for which appellant was sentenced. On June 22, 2015, the trial court imposed the sentence set forth above. On July 1, 2015, appellant filed a post-sentence motion.

On August 12, 2015, appellant filed a notice of appeal to this court. On September 4, 2015, this court issued a rule to show cause as to why the appeal should not be quashed as interlocutory because the trial court had not entered an order regarding the post-sentence motion. On October 26, 2015, this court quashed the appeal as interlocutory.

Also, on October 26, 2015, the trial court denied the post-sentence motion on the record but failed to enter an order on the docket. On November 12, 2015, appellant filed a notice of appeal to this court. On December 17, 2015, this court quashed the appeal as interlocutory because the trial court had not entered an order regarding the post-sentence motion.

By order dated June 1, 2016, the trial court entered an order that the post-sentence motion was denied without a hearing. On June 10, 2016, appellant filed a notice of appeal to this court. On August 5, 2016, this court dismissed this appeal for failure to comply with Pa.R.A.P. 3517 because appellant did not file a docketing statement. On August 9, 2016, appellant requested reinstatement of the appeal because he sent the docketing statement under the docket number of the November 12, 2015 appeal

(No. 3451 EDA 2015) and not under the docket number of the June 10, 2016 appeal (No. 1753 EDA 2016). Appellant requested that this court permit the appeal docketed at No. 1753 EDA 2016 to proceed and to dismiss as duplicative the appeal docketed at No. 3451 EDA 2015.

By order filed on August 29, 2016, this court granted the application for reinstatement, vacated the August 4, 2016 order, and reinstated the appeal. This court denied appellant's application to dismiss the appeal at No. 3451 EDA 2015 and consolidated the two appeals. This court also announced that the issue of whether the June 1, 2016 order denying the post-sentence motion is valid and/or timely would be decided by this panel. This court finds that the order is valid in that no order was ever entered previously even though the motion had been denied in open court. Twice, appellant had his appeal quashed because no order had been issued to deny the post-sentence motion. In the interest of allowing appellant his day in court to present his appeal, this court will treat the June 1, 2016 order as valid and timely.

Before this court, appellant contends that the evidence was insufficient to convict him of PWID and conspiracy. Appellant also contends that the trial court abused its discretion when it sentenced him to 2 to 4 years' imprisonment plus five years of probation.

Initially, appellant contends that the evidence was insufficient to support his convictions.

A claim challenging the sufficiency of the evidence is a question of law. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. **Commonwealth v. Karkaria**, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. **Commonwealth v. Santana**, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Chambers**, 528 Pa. 558, 599 A.2d 630 (1991).

> **Id.** at 319, 744 A.2d at 751.

**Commonwealth v. Morgan**, 913 A.2d 906, 910 (Pa.Super. 2006).

Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act provides:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> . . . .

> (30) Except as authorized by this act, the manufacture, delivery or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

Appellant argues that the Commonwealth's evidence was insufficient to establish PWID. Appellant asserts that Officer Thomas Clarke ("Officer Clarke") of the Philadelphia Police Department identified an individual who wore a "brown/orange Adidas hooded sweatshirt" and another individual who met with several other individuals and retrieved items from a phone booth or a trash can in a Chinese store in exchange for United States currency. (Notes of testimony, 12/4/14 at 61.) Appellant casts doubt on Officer Clarke's ability to see these exchanges from his position parked across the intersection when he had no binoculars. Appellant argues that when he was arrested, Officer Clarke should have been able to determine that he was not the individual Officer Clarke initially observed because he was not wearing an Adidas hooded sweatshirt but was wearing a brown polo shirt. (***Id.*** at 63.) Appellant further argues that the police did not recover any drugs, money, telephones, records of drug transactions, scales, or other evidence of drug paraphernalia. Also, the only connection at all between appellant

and the car that was seized was a key that allegedly was around appellant's neck though the key was not produced in evidence.

Appellant's argument falls short of the mark. He appears to attack the credibility of the witnesses and the evidence rather than the sufficiency of the evidence. Sufficiency claims present questions of law while credibility presents questions of fact. *See Widmer*, 744 A.2d at 751-752.

The Commonwealth presented sufficient evidence to establish a conviction for PWID. Officer Clarke testified that he had extensive training and experience in the area of narcotics. In fact, he estimated that he had witnessed the sale of narcotics more than 10,000 times. (Notes of testimony, 12/4/14 at 30-33.) Officer Clarke testified that on September 8, 2012, between 2:10 and 3:00 p.m., he observed appellant and Michael Taylor ("Taylor"):

> [O]n numerous occasions meet up with individuals. They would either go to, on this picture, you see the pay phone right there, the back of that pay phone there is like a little opening slot, they would reach into here, remove an object, reach into it, remove items out of that object, that back in there, hand over the item for United States currency.
>
> And other times they would go to the Chinese store. If you look at the picture, the window on your far left, you see the white trash can right there, they would reach into that white trash can, remove something from it, come back out immediately . . . and exchange."

*Id.* at 37-38.

Officer Clarke testified that he believed that he was seeing narcotics transactions. (*Id.* at 39.) Officer Clarke reported that a rubber glove that contained heroin was recovered from the pay phone and marijuana was recovered from the trash can in the Chinese store. (*Id.* at 43-44.)

This evidence presented by the Commonwealth was sufficient to establish that appellant committed PWID. The evidence established that he participated in what a trained observer believed were drug transactions and marijuana and heroin were recovered from the places that it appeared that appellant was frequently returning.

As to the conspiracy conviction, appellant essentially raises the same arguments.

Section 903 of the Crimes Code provides in pertinent part:

> **(a)** **Definition of conspiracy.--**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.
>
> **(c)** **Conspiracy with multiple criminal objectives.--**If a person conspires to commit

> a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

18 Pa.C.S.A. § 903(a), (c).

The testimony used to support the conviction for PWID coupled with the testimony of Officer Clarke, that he observed appellant and Taylor both selling drugs at the same place at the same time and getting the drugs from the same places, the pay phone and the trash receptacle in the Chinese store, support the conspiracy charge. (Notes of testimony, 12/4/14 at 37.) Officer Richard Gramlich of the Philadelphia Police Department corroborated that Taylor was selling drugs at the same location. (**Id.** at 101.) This evidence was sufficient to support the conviction for conspiracy. Once again, appellant primarily challenges the credibility of the witnesses.

Appellant next contends that his sentence was excessive and the trial court did not take into account the non-violent nature of his crimes and his rehabilitative needs as set forth in his pre-sentence investigation report. Appellant further asserts that the trial court failed to let him adequately speak at the sentencing hearing.[2]

---

[2] Appellant has not actually asserted that his right to allocution was denied. In the argument section of his brief where he argues that the trial court abused its discretion when it failed to consider mitigating factors when it fashioned his sentence, he includes a sentence where he states that the trial court failed to let him adequately speak and interrupted him almost immediately. A review of both appellant's Rule 1925(b) statement and his statement pursuant to Pa.R.A.P. 2119(f) reveals that he did not raise the right of a denial of allocution as an issue. Further, a review of the transcript

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at

_____

of the sentencing hearing indicates that after appellant stated that he accepted responsibility for his actions, the trial court provided appellant with a detailed explanation of the reasons for its sentencing decision.

- 10 -

> sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging the discretionary aspects of his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, a review of the record reveals that appellant raised, at both his sentencing hearing and in his motion for reconsideration, the issues of whether the trial court should impose leniency because the crime was non-violent and because he had to support his family. Third, appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence in conformance with Pa.R.A.P. 2119(f). Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were

either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted).

Here, the trial court imposed a standard range sentence after hearing testimony at the sentencing hearing, reviewing the record, and reviewing the pre-sentence investigation report. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. Further, this court has held that a sentencing court failed to attach sufficient weight to mitigating factors does not raise a substantial question. *See Commonwealth v. Lopez*, 627 A.2d 1229 (Pa.Super. 1993) (allegation that sentencing court failed to attach sufficient weight to mitigating factors of record does not present a substantial question); *see also Commonwealth v. Jones*, 613 A.2d 587 (Pa.Super. 1992), *appeal denied*, 629 A.2d 1377 (Pa. 1993) (arguments that sentencing court improperly weighed various legitimate factors does not raise a substantial question). "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa.Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014), quoting *Commonwealth*

***v. Bricker***, 41 A.3d 872, 876 n.9 (Pa.Super. 2012) (quotation and quotation marks omitted). Therefore, appellant does not raise a substantial question with respect to whether the trial court adequately considered mitigating factors when it imposed a standard range sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017