637 A.2d 1015

**COMMONWEALTH of Pennsylvania**

v.

**Michael RIVERA, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 10, 1994.

Filed Feb. 24, 1994.

Aaron C. Finestone, Philadelphia, for appellant.

126

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com. appellee.

Before BECK, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence entered after appellant, Michael Rivera, entered an open guilty plea to third degree murder,[1] aggravated assault,[2] criminal conspiracy,[3] possession of an instrument of crime generally,[4] and carrying firearms on a public street or public property in Philadelphia.[5] We deny permission to appeal.

The trial court has aptly summarized the facts underlying this appeal in the following manner:

> The defendant's plea stems from his involvement in the shooting death of Susan Largiolli on October 4, 1991. The defendant, along with co-defendants Hector Arzuaga and Antonio Rodriguez, arrived at the decedent's home at 9181 Academy Road in the City of Philadelphia. The defendant was carrying a 9mm handgun and Mr. Rodriguez was carrying a .357 Magnum. The defendants argued with some occupants of the home, including the decedent, Leanne Gross, Gabriel Navaro, James Dinkins, and Carlos Greene. They all observed Mr. Arzuaga yell, "bust them, bust them," at which point the defendant and Mr. Rodriguez pulled out their guns, but the clip from the defendant's gun fell to the ground. Leanne Gross and Carlos Greene were running away when they heard a shot. The decedent was pronounced dead at 1:52 A.M. on October 4, 1991, from a bullet wound to the back.

Trial court opinion filed August 25, 1993 at 2–3 (citations omitted).

1. 18 Pa.C.S.A. § 2502(c).
2. *Id.* § 2702(a)(1).
3. *Id.* § 903.
4. *Id.* § 907.
5. *Id.* § 6108.

Appellant entered the above referenced open guilty pleas on August 12, 1992. On July 22, 1993, the lower court sentenced appellant to serve seven (7) to fifteen (15) years incarceration on the murder charge with concurrent terms of five (5) to ten (10) years for aggravated assault, two (2) to four (4) years for conspiracy, and one (1) to two (2) years for possession of an instrument of crime. No sentence was imposed on the charge of carrying firearms on a public street in Philadelphia. Appellant timely filed a motion to modify sentence, which the lower court denied. The instant timely appeal followed, raising a single issue for our consideration: whether the lower court committed an abuse of discretion by imposing an aggregate sentence of seven to fifteen years when appellant pled guilty, cooperated in the prosecution of his co-conspirators, was not the shooter and had an unfortunate social history which included a pattern of substance abuse.

Appellant does not contend that the sentence meted out to him by the trial court is illegal. Rather, he challenges the discretionary aspects of his sentence. Appellant's brief contains a separate statement attempting to demonstrate that a substantial question exists regarding the appropriateness of the sentence imposed as required by the Pennsylvania Rules of Appellate Procedure. *See* 42 Pa.C.S.A. § 9781(b); Pa. R.A.P., Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987). This court "will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.*

The essence of appellant's complaint is that the sentence imposed in this case was excessive because the lower court did not properly take into account certain factors such as appellant's cooperation with law enforcement officers, his willingness to acknowledge his culpability by pleading guilty, the fact

that he did not himself actually shoot the victim, and his unfortunate personal history. However, in *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*), this court determined that an allegation that the sentencing court "failed to consider" or "did not adequately consider" various factors is, in effect, a request for this court to substitute its judgment for that of the lower court in fashioning appellant's sentence. Such an allegation does not raise a substantial question that the sentence imposed was in fact inappropriate. *Id.* at 326, 562 A.2d at 1388.

The *Williams* court reasoned that allegations of this type, in the absence of contrary allegations, concede that the lower court was provided with adequate information on which to base its sentencing decision. *Id.* This is particularly so where a pre-sentence report exists. Having such information in its possession, Pennsylvania law presumes that the sentencing court will act properly. *Id.,* (citing *Commonwealth v. Devers,* 519 Pa. 88, 102, 546 A.2d 12, 18 (1988) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand")). The record in this case clearly indicates that the lower court possessed and consulted a pre-sentence report.

Appellant's allegations in the instant case are similar to those which were presented to the court in *Williams.* Appellant has not contended that the sentencing court relied upon inadequate information. Rather, appellant argues that the lower court inappropriately applied correct information when imposing sentence. Since appellant is effectively asking this court to substitute our judgment for that of the lower court, he has failed to present us with a substantial question which will allow us to review the discretionary aspects of his sentence. As such, we must disallow the appeal. *See also Commonwealth v. Lopez,* 426 Pa.Super. 625, 627 A.2d 1229 (1993) (allegation that sentencing court failed to attach sufficient weight to mitigating factors of record does not present a substantial question); *Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587 (1992), *allocatur denied,* 535 Pa. 615, 629 A.2d 1377 (1993) (arguments that sentencing court improperly

weighed various legitimate factors does not raise a substantial question).

Appellant's petition for permission to appeal is denied.