J-S55012-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
v. :
:
GINA MARIA MARCHESE, :
:
Appellant No. 39 MDA 2017

Appeal from the Judgment of Sentence December 12, 2016
in the Court of Common Pleas of Lycoming County,
Criminal Division at No. CP-41-CR-0000629-2015
CP-41-CR-0001773-2015

BEFORE:  DUBOW, RANSOM, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED SEPTEMBER 11, 2017**

I join the Majority's holding that, under the circumstances of this case, Appellant has failed to establish that her sentencing claim warrants relief from this Court.  I write separately to express my disquiet about the amorphous and inconsistent categorization of an issue as one that does or does not raise a substantial question.

> As recognized by this Court in **Commonwealth v. Dodge,**
>
> it is apparent that this Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency[.] **Compare Commonwealth v. Montalvo**, [641 A.2d 1176, 1186 (Pa. Super 1994)] ("allegation that the sentencing court 'failed to consider' or 'did not adequately consider' facts of record" does not present substantial question); **Commonwealth v. Rivera,** [637 A.2d 1015, 1016 (Pa. Super. 1994)] (same); **Commonwealth v. Nixon,** 718 A.2d 311, 315 (Pa. Super.

---

*Retired Senior Judge assigned to the Superior Court.

> 1998), *overruled on other grounds by **Commonwealth v. Mouzon**,* [812 A.2d 617 (Pa. 2002)] ("ordinarily, allegations that a sentencing court 'failed to consider' or 'did not adequately consider' various factors" does not raise a substantial question)[.] … *with **Commonwealth v. Boyer**,* 856 A.2d 149, 151–152 (Pa. Super. 2004) (finding substantial question where defendant argued "that his sentence was manifestly excessive and that the court erred by considering only the serious nature of the offenses and failing to consider mitigating factors such as his age (19) at sentencing, his rehabilitative needs, his limited education, his years of drug dependency, and his family dysfunction."); ***Commonwealth v. Perry**,* 883 A.2d 599, 602 (Pa. Super. 2005) (failure to consider mitigating factors and excessive sentence raised substantial question); ***Commonwealth v. Ventura**,* 975 A.2d 1128, 1133 (Pa. Super. 2009) ("Ventura further asserts that the trial court imposed his sentence based solely on the seriousness of the offense and failed to consider all relevant factors, which has also been found to raise a substantial question."); ***Commonwealth v. Downing**,* 990 A.2d 788, 793 (Pa. Super. 2010) (failure to consider rehabilitative needs and the protection of society in fashioning a sentence raises a substantial question).

***Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013).

Indeed, despite the passage of time, this Court has continued to struggle with defining what claims raise substantial questions and often it is only minute distinctions that separate those claims that are deemed reviewable versus those that are not. ***Compare Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015) ("Generally, a bald excessiveness claim does not raise a substantial question.") ***with Commonwealth v. Haynes***, 125 A.3d 800, 807–08 (Pa. Super. 2015) ("While a bald claim of excessiveness does not present a substantial question for review, a claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question.").

*Retired Senior Judge assigned to the Superior Court.

This practice has resulted in the inconsistent grant or denial of the review of sentencing claims based upon which contradictory precedent a panel decides to apply.  Because of this, I am of the opinion that every criminal defendant, who preserves a sentencing issue for appeal, has the constitutional right to have this Court decide the merits of the claim.  ***See Commonwealth v. Zirkle***, 107 A.3d 127, 135 (Pa. Super. 2014) (Strassburger, J., dissenting) ("Indeed, not only is the disparate treatment of sentencing discretion unwarranted and unreasonable, it is also at odds with our Constitution. Under Article V, Section 9 of the Pennsylvania Constitution, an accused has an absolute right to appeal.  However, under 42 Pa.C.S. § 9781 and Pa.R.A.P. 2119(f), this Court is permitted to grant allowance of appeal to review the discretionary aspects of a sentence only if we, in our discretion, find that the appellant filed the appropriate statement raising 'a substantial question that the sentence imposed is not appropriate' under the Sentencing Code. …  Section 9781(b) clearly infringes upon a defendant's absolute right to an appeal.")  (some quotation marks and citations omitted).

*Retired Senior Judge assigned to the Superior Court.