J-S68028-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| JAYE ASHBY GIBSON, | : | |
| | : | |
| Appellant | | No. 234 MDA 2017 |

Appeal from the Judgment of Sentence January 3, 2017
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No. CP-35-CR-0001967-2016

BEFORE:  LAZARUS, DUBOW, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED MAY 18, 2018**

I join the Majority's holding that, under the circumstances of this case, Appellant has failed to establish that his sentencing claims warrant relief from this Court.  I write separately to express my disquiet about the nebulous and inconsistent categorization of an issue as one that does or does not raise a substantial question.[1]

---

[1] Furthermore, although I am not concerned with the trial court's discretion in this case, as I previously noted in **Commonwealth v. Zirkle**, I continue to remain troubled by "the fact that our review of a trial court's sentencing discretion in general, and its decision to impose consecutive or concurrent sentences in particular, is treated differently than our review of any other exercise of a trial court's discretion."  107 A.3d 127, 134 (Pa. Super. 2014) (Strassburger, J., dissenting).  I believe that the mandate our law has established, which allows this Court to review the imposition of consecutive versus concurrent sentences only after the petitioner meets the hurdles set forth in 2119(f), instead of allowing this Court to "consider whether the record establishes any [] signs of discretionary abuse[,]" results in the unequal

*Retired Senior Judge assigned to the Superior Court.

As this Court has recognized,

this Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency[.] *Compare Commonwealth v. Montalvo*, [641 A.2d 1176, 1186 (Pa. Super 1994)] ("allegation that the sentencing court 'failed to consider' or 'did not adequately consider' facts of record" does not present substantial question); *Commonwealth v. Rivera,* [637 A.2d 1015, 1016 (Pa. Super. 1994)] (same); *Commonwealth v. Nixon,* 718 A.2d 311, 315 (Pa. Super. 1998), *overruled on other grounds by Commonwealth v. Mouzon*, [812 A.2d 617 (Pa. 2002)] ("ordinarily, allegations that a sentencing court 'failed to consider' or 'did not adequately consider' various factors" does not raise a substantial question)[.] … *with Commonwealth v. Boyer*, 856 A.2d 149, 151–152 (Pa. Super. 2004) (finding substantial question where defendant argued "that his sentence was manifestly excessive and that the court erred by considering only the serious nature of the offenses and failing to consider mitigating factors such as his age (19) at sentencing, his rehabilitative needs, his limited education, his years of drug dependency, and his family dysfunction."); *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005) (failure to consider mitigating factors and excessive sentence raised substantial question); *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) ("Ventura further asserts that the trial court imposed his sentence based solely on the seriousness of the offense and failed to consider all relevant factors, which has also been found to raise a substantial question."); *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (failure to consider rehabilitative needs and the protection of society in fashioning a sentence raises a substantial question).

*Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013).

Indeed, despite the passage of time, this Court has continued to struggle with defining what claims raise substantial questions and often it is only

---

treatment of defendants, and oftentimes, the allowance of a trial court to have unfettered discretion during sentencing. *Id.* at 135.

minute distinctions that separate those claims that are deemed reviewable versus those that are not. ***Compare Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015) ("Generally, a bald excessiveness claim does not raise a substantial question.") ***with Commonwealth v. Haynes***, 125 A.3d 800, 807–08 (Pa. Super. 2015) ("While a bald claim of excessiveness does not present a substantial question for review, a claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question.").

This practice has resulted in the inconsistent grant or denial of the review of sentencing claims based upon which contradictory precedent a panel decides to apply. Because of this, I am of the opinion that every criminal defendant, who preserves a sentencing issue for appeal, has the constitutional right to have this Court decide the merits of the claim. ***See Zirkle***, 107 A.3d at 135 (Strassburger, J., dissenting) ("Indeed, not only is the disparate treatment of sentencing discretion unwarranted and unreasonable, it is also at odds with our Constitution. Under Article V, Section 9 of the Pennsylvania Constitution, an accused has an absolute right to appeal. However, under 42 Pa.C.S. § 9781 and Pa.R.A.P. 2119(f), this Court is permitted to grant allowance of appeal to review the discretionary aspects of a sentence only if we, in our discretion, find that the appellant filed the appropriate statement raising 'a substantial question that the sentence imposed is not appropriate' under the Sentencing Code. … Section 9781(b) clearly infringes upon a

3

defendant's absolute right to an appeal.") (some quotation marks and citations omitted).