J-S38035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MICHAEL CLEMM, | : | |
| Appellant | : | No. 75 WDA 2018 |

Appeal from the Judgment of Sentence May 18, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005917-2016

BEFORE:   BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED SEPTEMBER 19, 2018**

Michael Clemm (Appellant) appeals *nunc pro tunc* from the May 18, 2017 judgment of sentence entered after he pled guilty to one count of robbery.  We affirm.

We provide the following background.  On February 21, 2017, Appellant pled guilty to one count of robbery.  On May 18, 2017, the trial court sentenced him to four to ten years of incarceration, followed by two years of probation.[1]

_____

* Retired Senior Judge assigned to the Superior Court.

[1] This sentence is within the mitigated range of the sentencing guidelines.

Appellant filed a post-sentence motion *nunc pro tunc*[2] alleging his sentence is manifestly unreasonable and excessive because the trial court failed to account for his rehabilitative needs relating to his drug addiction. Post-Sentence Motion to Modify Sentence, 12/1/2017, at ¶ 13(i). By order filed December 19, 2017, the trial court denied Appellant's motion. This timely-filed appeal followed.[3]

On appeal, Appellant argues that his sentence is "manifestly excessive and an abuse of the sentencing court's discretion in that the court failed to consider … all required sentencing factors set forth in … 42 Pa.C.S. § 9721(b)." Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. We consider this issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

* * *

---

[2] Though no order reinstating Appellant's post-sentence and appellate rights appears in the record, the trial court indicated in its order filed December 19, 2017, which denied Appellant's post-sentence motion to modify sentence, that it had granted Appellant's Post Conviction Relief Act petition to file *nunc pro tunc* post-sentence motions and a direct appeal. Order, 12/19/2017.

[3] Appellant and the trial court complied with Pa.R.A.P. 1925.

When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal; he sought reconsideration of his sentence in a post-sentence motion; and his brief includes a Pa.R.A.P. 2119(f) statement. Therefore, we now consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d

825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

Appellant contends in his Pa.R.A.P 2119(f) statement that his "sentence is contrary to the norms underlying the sentencing process because the sentence is unduly harsh and does not consider his rehabilitative needs as required by 42 Pa.C.S. § 9721(b)." Appellant's Brief at 10.

> An appellant making an excessiveness claim raises a substantial question when he "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the sentencing code or a particular fundamental norm underlying the sentencing process." [*Commonwealth v.*] *Mouzon*, 812 A.2d [617, 627 (Pa. Super. 2002)]. Applying *Mouzon*, this Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question. *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Based on the case law cited *supra*, we find Appellant has raised a substantial

question for our review.[4]  Thus, we proceed to address the merits of his claim.

A trial court must consider the factors set forth in subsection 9721(b) when imposing a sentence.  *Id.*  That subsection provides, in relevant part, that when imposing a judgment of sentence,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. … In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate

---

[4] Nevertheless, as recognized by this Court in *Commonwealth v. Dodge*,

> [w]e are, of course, mindful that it is apparent that this Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency. *Compare Commonwealth v. Montalvo*, [] 641 A.2d 1176, 1186 ([Pa. Super.] 1994)] ("allegation that the sentencing court 'failed to consider' or 'did not adequately consider' facts of record" does not present substantial question); *Commonwealth v. Rivera*, [] 637 A.2d 1015, 1016 ([Pa. Super.] 1994) (same); … *with Commonwealth v. Boyer*, 856 A.2d 149, 151–152 (Pa. Super. 2004) (finding substantial question where defendant argued "that his sentence was manifestly excessive and that the court erred by considering only the serious nature of the offenses and failing to consider mitigating factors such as his age (19) at sentencing, his rehabilitative needs, his limited education, his years of drug dependency, and his family dysfunction."); … *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (failure to consider rehabilitative needs and the protection of society in fashioning a sentence raises a substantial question).

*Dodge*, 77 A.3d 1263, 1272, n.8 (Pa. Super. 2013).

punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S. § 9721(b).

Instantly, Appellant contends that the trial court abused its discretion by failing to consider that Appellant's "acts were the result of his drug addiction and that he was taking positive steps to become clean and sober so that he could become a productive member of society[,]" and that Appellant "took responsibility for his actions by entering a plea of guilty." Appellant's Brief at 10.

At the time Appellant was sentenced, the trial court stated that it was imposing a sentence of four to ten years of incarceration, followed by two years of probation, because, despite support from his family and other positive influences in his life, he continued to use illicit drugs and engage in criminal activity. N.T., 5/18/2017, at 9-11, 20, 23, 25-26. The trial court considered Appellant's many prior criminal convictions, his age, the positive influences in his life who have tried to "persuade him to stop doing [] wrongful conduct," and his continued criminal activity, including criminal charges stemming from an incident that occurred mere days after Appellant pled guilty and was released on bond in the instant case. *Id.* at 9-11, 20, 26. In addition, the trial court explained in its opinion denying Appellant's post-sentence motion that the court considered all of the relevant sentencing factors. The trial court

considered [Appellant's] long-standing recurring history of illegal activity. The instant case is [Appellant's] second robbery conviction. [Appellant] has a history of drug possession and abuse and has not availed himself of the many opportunities that have been afforded to him to address that long-standing problem. Instead, he routinely violated the terms of his probation and, as in this case, [Appellant] continues to commit serious violations of the law. Based on a totality of the circumstances, [Appellant] continues to demonstrate that he is a danger to the community and to himself. [The trial court] considered [Appellant's] rehabilitative needs, protection of the public, deterring [Appellant] from engaging in future similar conduct, … retribution and impact on the victim. The sentence imposed in this case was not unduly harsh and properly reflected [Appellant's] culpability in this case. Most notably, [the trial court] considered the presentence report and imposed a mitigated range sentence.

Trial Court Opinion, 2/21/2018, at 6-7.

Moreover, the trial court had the benefit of Appellant's pre-sentence investigation report (PSI) at the time of sentencing. *Id.* at 2. "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016). Thus, we conclude that the trial court considered all relevant sentencing factors and did not abuse its discretion in sentencing Appellant.

Finally, we do not find any merit to Appellant's claim that his sentence is excessive. Appellant's sentence is within the mitigated range of the

sentencing guidelines,[5] as Appellant acknowledges. Appellant's Brief at 9. Further, as discussed *supra*, the trial court considered all of the relevant sentencing factors. Thus, Appellant's sentence is appropriate under the sentencing code. **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (holding "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code") (citations omitted).

Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2018

---

[5] Here, with Appellant's offense gravity score of ten and prior record score of five for robbery, the sentencing guidelines provide for a mitigated range of four to five years, a standard range of five to six years, and an aggravated range of six to ten years. **See** 204 Pa. Code § 303.16.