**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEREMIAH GEIGER | : | |
| | : | |
| Appellant | : | No. 545 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 8, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008900-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEREMIAH GEIGER | : | |
| | : | |
| Appellant | : | No. 546 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 8, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008901-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEREMIAH GEIGER | : | |
| | : | |
| Appellant | : | No. 547 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 8, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008893-2020

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
             v.                 :
                                :
                                :
                                :
                                :
JEREMIAH GEIGER                 :
                                :
             Appellant          :    No. 548 WDA 2022

Appeal from the Judgment of Sentence Entered March 8, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008895-2020

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
             v.                 :
                                :
                                :
                                :
                                :
JEREMIAH GEIGER                 :
                                :
             Appellant          :    No. 549 WDA 2022

Appeal from the Judgment of Sentence Entered March 8, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008898-2020

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
             v.                 :
                                :
                                :
                                :
                                :
JEREMIAH GEIGER                 :
                                :
             Appellant          :    No. 550 WDA 2022

Appeal from the Judgment of Sentence Entered March 8, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008899-2020

J-S09038-23

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEREMIAH GEIGER :
:
Appellant : No. 565 WDA 2022

Appeal from the Judgment of Sentence Entered March 8, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000013-2021

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: AUGUST 8, 2023**

Jeremiah Geiger ("Geiger") appeals from the judgments of sentence imposed following his guilty pleas, across seven dockets, to, *inter alia*, several counts of strangulation.[1] We affirm.

On October 22, 2021, Geiger pleaded guilty across seven cases, to strangulation, a second-degree felony, and related offenses. **See** N.T., 10/22/21, at 6-9. Geiger stipulated to the factual bases of the offenses. **See** *id*. at 2. We synopsize the facts, chronologically, as follows. At No. 8901-2020, Geiger admitted to choking A.V. on February 14, 2020, at around 11:00 a.m., and striking her with both a closed, and an open, hand. **See** Criminal Complaint, No. 8901-2020, 3/2/20, at 5. At No. 8900-2020, Geiger admitted to strangling his victim, A.V., on April 14, 2020 at about 6:00 p.m. Responding officers observed "recent red marks" on A.V.'s neck. **See** Criminal

---

[1] **See** 18 Pa.C.S.A. § 2718(a)(1).

- 3 -

Complaint, No. 8900-2020, 4/14/20, at 5. At No. 8899-2020, Geiger admitted to, on April 22, 2020, pushing A.V. up against the wall and choking her until she could not breathe and punching her in the face three or four times. Officers responded following a report from a third party, and found A.V. sitting on the front porch of her residence crying, after which she relayed to them the details of the assault. *See* Criminal Complaint, No. 8899-2020, at 5. At No. 0013-2021, Geiger admitted to, on May 8, 2020, punching A.V. in the body and face before pushing her up against a wall on the front porch and choking her with both hands around her throat, until a witness, who was there to perform repairs on A.V.'s car, intervened and pulled Geiger off A.V. Geiger then "took a fighting stance" toward the witness before striking A.V. again and fleeing on foot. *See* Criminal Complaint, No. 0013-2021, at 5. At No. 8898-2020, Geiger admitted to, on May 21, 2020, punching A.V. outside her left eye and strangling her by wrapping both hands around her throat before she pushed him off her and ran to a neighbor's house to call 911. A.V. later received texts from Geiger stating, "u snitch," and "ill [sic] fucking kill you." *See* Criminal Complaint, No. 8898-2020, at 6. At No. 8895-2020, Geiger admitted to choking A.V., on June 22, 2020, with one hand to the point where she could no longer breathe; responding officers also observed bruising around A.V.'s left eye, caused by Geiger punching her in the face the previous week. *See* Criminal Complaint, No. 8895-2020, at 5. At No. 8893-2020, Geiger admitted to strangling A.V. on August 26, 2020, at approximately 4:42 p.m., while sitting in the back seat of her car while she was operating the

vehicle. A.V. managed to pull the vehicle over and get out of the car, but Geiger knocked her to the ground, got on top of her, and strangled her until a nearby witness started to yell for help. Geiger fled. **See** Criminal Complaint, No. 8893-2020, at 6.

As part of the plea negotiations, the Commonwealth agreed that, following Geiger's guilty plea across all seven cases, his sentence for three of the cases would run concurrently with every other case, for the purpose of "limiting his exposure significantly." N.T., 10/22/21, at 15.[2] The trial court deferred sentencing for the preparation of a presentence investigation report ("PSI"). **See id**. at 16.

The trial court held a sentencing hearing on March 8, 2022. At the sentencing hearing, the trial court indicated that it had reviewed the PSI. **See** N.T., 3/8/22, at 7. The Commonwealth informed the court that, while the PSI did not include mental health information, Geiger had been diagnosed as having ADHD, major depressive disorder, stimulant use disorder, and cannabis abuse disorder. **See id**. at 7. Geiger did not otherwise supplement or offer corrections to the PSI. **See id**. at 6-7. Geiger's mother and father testified on his behalf at the hearing. **See id**. at 8-10. Geiger also exercised his right to allocution, during which he informed the court that he had only recently begun taking medication to "help my mental health state," and he

_____

[2] The three cases to run concurrently to the others were Nos. 8900-2020, 8899-2020, and 8898-2020. **See** N.T., 10/22/21, at 15; **see also** Disposition Sheet, No. 8900-2020, 3/8/22.

had seen improvements, and that it was the "best thing [he] ever did." *Id*. at 17. Geiger stated, in response to questioning by the court, that he had not thought he "needed it[, *i.e.*, medication] at the time," and that he failed to seek treatment even though others told him, as he "got older and progressed in life," that he needed medication. *Id*. at 19.

The trial court sentenced Geiger to, *inter alia*, three to six years of incarceration for strangulation at No. 8893-2020; three to six years of incarceration for strangulation at No. 8898-2020 to be served consecutively; and three to six years of incarceration for strangulation at No. 8901-2020 to be served consecutively. *See* N.T., 3/8/22, at 23-29.[3] Following several *pro se* filings,[4] Geiger's newly-appointed counsel filed at each docket number *nunc*

_____

[3] The trial court also imposed concurrent terms of incarceration across the other cases, along with five years of probation at No. 8898-2020 (count two), to be served consecutively to all periods of incarceration. *See* N.T., 3/8/22, at 25-26. The trial court additionally imposed a ten-year period of probation at No. 0013-2021 (count one), to be served consecutively with the terms of incarceration, but concurrently with the other probationary period. *See id*. at 28.

[4] *Pro se* filings by counseled defendants are generally considered legal nullities, though counseled defendants may act on their "behalf to protect important rights where counsel remains technically attached to the case, but is no longer serving his client's interest." *Commonwealth v. Muhammed*, 219 A.3d 1207, 1210 (Pa. Super. 2019). That said, a *pro se* notice of appeal that pre-dates a timely counseled post-sentence motion does not necessarily divest the trial court of jurisdiction to act on the counseled post-sentence motion. *See Commonwealth v. Cooper*, 27 A.3d 994, 1008 (Pa. 2011). Thus, Geiger's *pro se* March 15, 2022 motions to withdraw his guilty plea were legal nullities, because his first attorney had not withdrawn; and Geiger's March 17, 2022 *pro se* notices of appeal did not divest the trial court of jurisdiction to consider his subsequent counseled post-sentence motions.

*pro tunc* motions to file post-sentence motions, which the trial court granted. ***See*** Order, 3/21/22. Geiger subsequently filed post-sentence motions for a sentence modification, which the trial court denied. ***See*** Order, 5/4/22. Geiger timely appealed,[5] and both he and the trial court complied with Pa.R.A.P. 1925.[6]

> Geiger raises the following issues for our review:
>
> 1. Did the trial court abuse its discretion by sentencing [] Geiger without noting on the record that it considered the sentencing guidelines?
>
> 2. Did the trial court fail to apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense, and [] Geiger's character and rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b) . . ., thus making [] Geiger's sentences excessive and unreasonable?

Geiger's Brief at 17 (unnecessary capitalization omitted).

Both of Geiger's issues present challenges to the discretionary aspects of sentencing. Our standard of review for challenges to the discretionary aspects of sentencing is well-settled: "[S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion[, which] involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just

---

[5] When a trial court grants a request to file a post-sentence motion *nunc pro tunc,* the post-sentence motion filed as a result must be treated as though it were filed within the 10-day period following the imposition of sentence. ***See*** ***Commonwealth v. Wright***, 846 A.2d 730, 734 (Pa. Super. 2004).

[6] This Court consolidated Geiger's appeals *sua sponte*. ***See*** Order, 6/1/22.

- 7 -

an error in judgment." ***Commonwealth v. Brown***, 249 A.3d 1206, 1211

(Pa. Super. 2021).

Further, this Court has explained that challenges to the discretionary

aspects of sentencing are not appealable as of right, but, rather,

> an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Padilla-Vargas***, 204 A.3d 971, 975 (Pa. Super. 2019)

(citation omitted; brackets in original); ***see also*** 42 Pa.C.S.A. § 9781(b).

Regarding the requirement that an appellant raise a "substantial

question," this Court has explained:

> A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process.

***Brown***, 249 A.3d at 1211 (internal citation omitted). "The determination of

whether a particular issue raises a substantial question is to be evaluated on

a case-by-case basis." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa.

Super. 2004). Where an "appellant argues that the lower court

inappropriately applied correct information when imposing sentence[, he or

she] is effectively asking this [C]ourt to substitute [its] judgment for that of

- 8 -

the lower court, [and has thereby] failed to present us with a substantial question . . ..” **Commonwealth v. Rivera**, 637 A.2d 1015, 1017 (Pa. Super. 1994).

Before addressing the merits of Geiger's issues, we must discern whether he has properly invoked our jurisdiction. We note that Geiger timely filed an appeal from his judgment of sentence following the trial court's denial of his post-sentence motion. **See** Notice of Appeal, 5/5/22. Additionally, Geiger preserved these issues in his post-sentence motion. **See** Post-Sentence Motion, 4/4/22, at ¶ 5(a), (c). Geiger is also in technical compliance with Pa.R.A.P. 2119(f) in that he has included a separate section of his brief setting forth a concise statement of the reasons for which this Court should exercise jurisdiction over the discretionary aspects of his sentence. Geiger's assertion that the trial court failed to consider the guidelines raises a substantial question. **See**, **e.g.**, **Commonwealth v. Scassera**, 965 A.2d 247, 250-51 (Pa. Super. 2009). Geiger's assertion that the trial court also failed to consider, among other things, his rehabilitative needs, and thereby imposed an unreasonable and excessive sentence, likewise presents a substantial question. **See Commonwealth v. Rush**, 162 A.3d 530, 543-44 (Pa. Super. 2017). Accordingly, we proceed to review the merits of Geiger's issues.

Geiger first argues the trial court "did not mention the sentencing guidelines or the correct range on the record." Geiger's Brief at 33. Geiger

maintains, "[i]n fact, the phrase 'sentencing guidelines' appears nowhere in the sentencing transcript." *Id*. Geiger infers from the absence of discussion about the guidelines on the record that the trial court lacked "the correct starting point for the sentencing process," and thereby abused its discretion. *Id*.

The trial court considered Geiger's assertions and concluded they were meritless:

> Here, [Geiger] pled guilty to seven [] separate counts of [s]trangulation, which each carried a standard guideline range of [thirty to forty-two] months' imprisonment. In accordance with its usual practice, the court considered the sentencing guidelines in determining the appropriate sentence, which is evidenced by the actual sentences that were imposed at each case number. Indeed, the court's sentence of [three to six] years at each [s]trangulation conviction was squarely within the standard guideline range for each case. The fact that this court ran three [] of those sentences consecutively to one another does not transform the total sentence into an above-guideline sentence . . ..

Trial Court Opinion, 8/10/22, at 5-6.

Based on our review, we conclude the trial court did not abuse its discretion by failing to consider the sentencing guidelines. It is undisputed that the strangulation convictions each carried a standard guideline range of thirty to forty-two months of imprisonment. *See*, *e.g.*, Guidelines, No. 8893-2020 (providing for a standard range, for Geiger, of thirty to forty-two months of imprisonment for a strangulation conviction). The sentence for each conviction (three years of incarceration) was thus squarely in the standard range of the guidelines. Accordingly, the trial court presumptively considered

- 10 -

the guidelines. **See Commonwealth v. Hunzer**, 868 A.2d 498, 514 (Pa. Super. 2005) (holding that it is "well-settled that if the court sentences within the guidelines' suggested ranges, there is no need for the sentencing court to otherwise manifest on the record that it considered the guidelines. In such a case, consideration of the guidelines is presumed to be evidenced by the actual sentence imposed") (internal citation and quotations omitted). We also note that the trial court later reiterated that it considered the guidelines. **See** Trial Court Opinion, 8/10/22, at 5-6. Geiger's argument is thus meritless, and he is due no relief.[7]

In his second issue, Geiger asserts the trial court failed to consider his rehabilitative needs and mitigating evidence. "Where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Akhmedov**, 216 A.3d 307, 329 (Pa. Super. 2019). Further, "where the sentencing court imposed a standard-range sentence with the benefit of a [PSI], we will not consider the sentence

---

[7] It is clear that the substance of Geiger's actual assertion of error is not that the trial court failed to consider the guidelines but that the trial court did not mention the word "guidelines" on the record. **See** Geiger's Brief at 33. Had Geiger accurately stated his issue in his Rule 2119(f) statement, he would not have presented a substantial question. **See Rush**, 162 A.3d at 543 (rejecting an argument that a trial court's failure to "state the guideline ranges at sentencing raises a substantial question").

excessive." ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011); ***see also Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa. Super. 2019) (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code") (internal citation omitted). Lastly, a trial court does not abuse its discretion by merely giving a defendant's mitigation evidence less weight than the defendant would like. ***See Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (stating, "The . . . court merely chose not to give the mitigating factors as much weight as Appellant would have liked and decided that the facts did not warrant . . . a sentence lower than the standard range. We cannot re-weigh the sentencing factors and impose our judgment [instead]").

Geiger notes that the trial court learned at sentencing that he "has been diagnosed with ADHD, major depressive disorder, stimulant use disorder, and cannabis abuse disorder." Geiger's Brief at 35 (unnecessary capitalization omitted). Geiger also highlights his troubled youth, including having "heroin addict" parents, "behavioral and educational problems at school," and his early addiction to controlled substances. ***Id***. at 36. Geiger argues the trial court "discounted the positive effects of [his] medication," and emphasizes that he had attempted to explain how "drugs caused him to make terrible mistakes," but the trial court was unwilling to listen. ***Id***. at 37. According to Geiger, the trial court "considered only the gravity of the offense and did not consider all

- 12 -

the other required [sentencing factors], especially the rehabilitative needs of

the defendant." *Id*. at 38.

The trial court considered Geiger's assertions and concluded they were

meritless:

> . . . Pursuant to its consistent practice, the court carefully reviewed [the PSI] at least two . . . times prior to sentencing – once when it first received the report, and then again in preparation for sentencing.

> * * * *

> [The court also] consulted the [sentencing] guidelines, and factored in the testimony from [Geiger's] family, the parties' sentencing arguments, and [Geiger's] allocution to the court.

> By way of the [PSI], the court was aware of and familiar with [Geiger's] background, history, and rehabilitative needs. It well understood his position that his crimes were a product of substance abuse and mental health issues, which involved diagnoses of ADHD, major depressive disorder, stimulant use disorder, and cannabis abuse disorder. Given this court's position as the supervising judge of the Allegheny County Mental Health Court . . ., [Geiger's] mitigation argument was presented to a sympathetic audience, and the court did consider that when determining what an appropriate sentence would be in this case. . . .

> Nevertheless, other, far more compelling factors substantially outweighed those mitigating factors. First, [Geiger] admitted to committing over a half dozen strangulations, against the same victim, in a six [] month period. . . . That the same crime was repeatedly committed in such a short timeframe was already problematic, but the fact that the crime was [s]trangulation made [Geiger's] conduct all the more troubling[, because, as the court noted at sentencing, it was a sign of "lethality," meaning Geiger's capability of killing A.V.]

> * * * *

- 13 -

In addition to the severity of [Geiger's] crimes, it is not . . . [his] first foray into the criminal justice system. At [forty-two] years['] old, [Geiger] carrie[d] with him a criminal history that dates all the way back to 1994, when he was [fourteen] years['] old[ and includes convictions for, *inter alia*, firearms offenses]. . .. More significantly, [Geiger] served four [] years in state prison . . . for the firearm[-]related convictions, but he continued his life of drugs and crime upon his release, acquiring new cases in 2013, 2014, 2015, 2017, 2018, 2019, and 2020. This shows that his prior, more lenient sentences failed to deter him from engaging in criminal activity.

During his allocution, [Geiger] expressed to this court that he started taking medication for the first time, and he was feeling better and "normal" as a result. While the court was pleased to hear that [Geiger] was finally amenable to treatment by the time of the sentencing, the court noted that he had been aware of his substance abuse and mental health issues for decades, but he never took accountability for his actions and never willingly sought treatment despite his awareness that he needed assistance. Thus, while the court considered his rehabilitative needs and imposed sentencing conditions to ensure that [Geiger] could continue to seek substance abuse and mental health treatment while incarcerated[;] his rehabilitative needs were not so dire or unique that they overshadowed the need for the sentence to account for the other relevant sentencing factors that weighed heavily in favor of a serious period of incarceration.

[Geiger's] central complaint in this appeal is that the court did not assign more weight to the mitigating factors. However, this court "was only obligated to consider mitigating circumstances, not to accept or appreciate them." ***Commonwealth v. Fullin***, 892 A.2d 843, 850 (Pa. Super. 2006). Simply because mitigating factors were at play did not mean that this court was required to assign them more weight at the expense of other, more serious concerns that far outweighed any mitigating evidence. [Geiger's] contention also substantially overlooks the fact that his sentencing exposure was greatly mitigated by this court's acceptance of the parties' plea agreement that allowed three of his cases to run concurrently with one another. By accepting the terms of the plea bargain, this court already showed [Geiger] a great deal of leniency where it otherwise likely would not have absent the agreement.

Against this backdrop, [Geiger's] sentence was not manifestly excessive. The court considered all of the relevant statutory factors in imposing sentence, and it did not consider one factor to the exclusion of any others. The aggregate sentence was reasonable and necessary to address the seriousness of his offenses, the impact on the victim, the need to protect the public, and the need to provide adequate deterrence and promote respect for the law.

\* \* \* \*

Ultimately, [Geiger] was not entitled to a "volume discount" for his crimes, particularly in light of the extremely serious and troubling nature of them. . ..

Trial Court Opinion, 8/10/22, at 11-19 (citations to the record and unnecessary capitalization omitted).

Following our review, we discern no abuse of discretion by the trial court. As the court explained in its well-reasoned opinion, it was aware of Geiger's mental health and substance abuse history, but its mitigating effect was offset by Geiger's failure to seek treatment despite his pre-existing awareness of these issues. *See* N.T., 3/9/22 at 6-7, 18-19 (trial court learning of Geiger's mental health and substance abuse issues and noting that Geiger failed to seek treatment notwithstanding his awareness that he needed it). Additionally, the trial court, informed by, *inter alia*, the PSI and sentencing guidelines, considered the public's need for protection, the gravity of the offenses *vis-à-vis* A.V. and the community, Geiger's risk of reoffending given his prior criminal history, and Geiger's rehabilitative needs. The trial court thus considered Geiger's mitigating evidence and rehabilitative needs, albeit without according them as much weight as Geiger sought. Geiger's

argument—that the trial court abused its discretion in imposing standard-range consecutive terms of incarceration, across just three of the seven cases in which he pleaded guilty to strangulation—is meritless. *See Akhmedov*, 216 A.3d at 329 (holding that the trial court, having reviewed a PSI, is presumed to be aware a defendant's mitigating evidence); *Corley*, 31 A.3d at 298 (stating that a standard-range sentence, imposed following review of a PSI, is not excessive); *Macias*, 968 A.2d at 778 (holding that the trial court does not abuse its discretion by giving a defendant's mitigating evidence less weight than a defendant desires); *Fullin*, 892 A.2d 850 (holding that the trial court must consider, not accept, a defendant's mitigating evidence). Accordingly, we affirm Geiger's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2023