J-S16039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 2476 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000909-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 2477 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000910-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 2478 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000911-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

                                        :
            v.                          :
                                        :
                                        :
                                        :
    ROBERT LONG                         :
                                        :
                                        :
            Appellant                   :       No. 2479 EDA 2023

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000912-2019

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED JUNE 21, 2024**

Appellant, Robert Long, appeals from the judgment of sentence entered

July 14, 2020, in the Philadelphia Court of Common Pleas. After review we

affirm.

The relevant facts and procedural history are as follows:

[On December 11, 2018, Appellant was arrested and
charged with four counts of murder and related offenses] after he
and two other men conspired to stage a drug transaction for the
purpose of robbing one of the four victims and one of the men
shot and killed the victims. On January 2, 2020, Appellant entered
an open guilty plea to the charges. The trial court deferred
sentencing pending preparation of pre-sentence investigation
("PSI") and mental health reports.
Following the court's consideration of the reports, on July
14, 2020, it sentenced Appellant to three concurrent terms of 10
to 20 years' incarceration for three of his Murder convictions, a
consecutive term of 10 to 20 years' incarceration for his remaining
Murder conviction, a concurrent term of 10 to 20 years'
incarceration for his Conspiracy to Commit Robbery conviction,
and a consecutive term of 5 to 10 years' incarceration for one of
his Robbery convictions. The court imposed no further penalty on
the remaining convictions.

_____

[*] Former Justice specially assigned to the Superior Court.

On July 24, 2020, Appellant filed a Motion for Reconsideration of Sentence in which he conceded that the court imposed a sentence within the guidelines but asserted that it was excessive in light of the mitigating circumstances, including Appellant's expression of remorse, his acceptance of responsibility, and his character. Motion, 7/24/20, at ¶¶ 3, 8-12. He also claimed the sentence was excessive because it exceeded the Commonwealth's sentencing recommendation of 20 to 40 years' incarceration, was arbitrary, and [was] strictly punitive. *Id.* at ¶¶ 5-6. On August 21, 2020, the court denied Appellant's Motion. The court also permitted Appellant's plea counsel to withdraw. However, no new counsel was appointed, and Appellant did not timely appeal from his Judgment of Sentence.

Appellant successfully petitioned for reinstatement of his direct appeal rights[.]

*Commonwealth v. Long*, 279 A.3d 1274 (Pa. Super. 2022).

On direct appeal to this Court, Appellant's appellate counsel, Attorney Joseph Schultz, failed to properly address in his brief the issues Appellant had preserved in his post-sentence motion, so we found the claims waived. *See id*. Because Attorney Schultz abandoned the only preserved issue for appeal, he was *per se* ineffective. PCRA counsel, Attorney George Yacoubian, was appointed, and on June 11, 2023, filed a *Finley*[1] no-merit letter. Appellant filed a supplemental PCRA petition in response to counsel's *Finley* letter on July 13, 2023. Although Attorney Yacoubian was permitted to withdraw and new counsel was appointed, the trial court determined that Attorney Yacoubian was ineffective for failing to raise the claim about Attorney Schultz in an amended PCRA petition. Tr. Ct. Op., 10/27/23, at 3-4. As a result, the

---

[1] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

lower court reinstated Appellant's right to file an appeal *nunc pro tunc*. This appeal followed.

Appellant raises one question for our review:

Did the sentencing court abuse its discretion by denying Appellant's Motion for Reconsideration of Sentence and imposing an aggregate sentence of 25 to 50 years of incarceration because the sentencing court overly stressed retribution and protection of the public while failing to adequately consider Appellant's rehabilitative needs, mitigation, support in the community, psychological disorders, remorse, and prior zero record score and, in addition, the sentencing court abused its discretion by exceeding the Commonwealth's recommended sentence of 20 to 40 years of incarceration by 5 to 10 years and this was, for the same reasons, excessively punitive without adequate justification?

Appellant's Br. at 4.

Appellant raises a challenge to the discretionary aspects of his sentence.

We apply the following standard of review:

The right to appeal the discretionary aspects of the sentence is not absolute. Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003) (internal citations omitted).

Appellant has complied with Pa.R.A.P. 2119(f) by including a concise statement of the reasons relied upon for allowance of appeal. In his 2119(f) statement, Appellant claims that the Court of Common Pleas sentence is excessive with respect to protection of the public, Appellant's prior record score of zero, and the rehabilitative needs of the Appellant. He claims that the trial court rigidly focused on retribution. He further avers that the court's sentence exceeded the sentence recommended by the Commonwealth. Appellant's Brief at 11-12.

Next, we must determine whether Appellant's arguments raise a substantial question. **Bishop, supra**. "An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014), appeal denied, 105 A.3d 736 (Pa. 2014) (internal citations omitted). A bald allegation of excessiveness will not suffice. **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2001)

In the instant matter, Appellant acknowledges that punishment in the form of retribution and incarceration are justified to protect the public, but he asserts that his sentence goes beyond what is required to protect the public and that deterrence and protection of the public could still be achieved with a lesser sentence. Appellant's Br. at 10-11. Appellant's claims that the goals of the Sentencing Code could be better served with a lesser sentence fall short

of an allegation that the sentence is actually in violation of the goals of the Sentencing Code. Appellant's excessiveness claim is premised on his belief that there was an excessive consideration for retribution and not enough weight given to rehabilitation. Appellant's Br. at 11. "[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." ***Commonwealth v. Berry***, 785 A.2d 994, 996-97 (Pa. Super. 2001) (internal citation omitted) (emphasis in original). Specifically,

> [t]here is ample precedent to support a determination that [a claim that the trial court failed to consider an appellant's rehabilitative needs] fails to raise a substantial question.... ***See Commonwealth v. Cannon***, 2008 PA Super 178, 954 A.2d 1222, 1228-29 (Pa.Super.2008), *appeal denied*, 600 Pa. 743, 964 A.2d 893) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); ***Commonwealth v. Coolbaugh***, 2001 PA Super 77, 770 A.2d 788, 793 (Pa.Super.2001) (*citing* ***Commonwealth v. Mobley***, 581 A.2d 949, 952 ([Pa.Super.]1990)) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines); ***Commonwealth v. Coss***, 695 A.2d 831, 833 (Pa.Super.1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); ***Commonwealth v. Bershad***, 693 A.2d 1303, 1309 (Pa.Super.1997) (a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question); ***Commonwealth v. Lawson***, 650 A.2d 876, 881 ([Pa.Super.]1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

***Commonwealth v. Griffin***, 65 A.3d 932, 936-37 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa.2013).

We point out that Appellant does not allege that the trial court was unaware of his prior record score, community support, background and psychological issues, or rehabilitative needs, nor does Appellant contend that the sentencing court relied on inadequate or incorrect information. Indeed, the trial court in this matter considered a pre-sentence report; therefore, it is presumed that the court adequately considered relevant mitigating and aggravating factors. *Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006). Rather, Appellant would have us reconsider the weight given to various sentencing factors, such as his potential for rehabilitation. Since Appellant is effectively asking this Court to substitute our judgment for that of the lower court, he has failed to present us with a substantial question. *See Commonwealth v. Rivera*, 637 A.2d 1015, 1017 (Pa. Super. 1994) (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super 1989) (*en banc*)).

Even if we were to address the merits of the contention, we would find that the trial court did not abuse its sentencing discretion. The trial court noted:

> Contrary to the Defendant's assertion, this Court imposed its twenty-five to fifty year sentence after careful consideration of all the factors presented at trial and during the sentencing hearing and formulated its sentence to best reflect this Court's duty to consider the gravity of the offense, the protection of the public, and the Defendant's own rehabilitative needs. In so doing, this Court reviewed the presentence and mental health reports provided in anticipation of the sentencing hearing. Any argument that this Court did not consider the Defendant's mitigating circumstances, or his rehabilitate needs is belied by the record.

Tr. Ct. Op., 8/11/21, at 5.

A review of the record confirms the inclusion of the above relevant factors in the pre-sentence report, and the sentencing court's reasoning for giving no weight to Appellant's rehabilitative needs.[2] Accordingly, we conclude that Appellant failed to raise a substantial question for our review. To the extent that the sentencing claim before us presents a "substantial question" for our review, we conclude that the sentencing court did not abuse its sentencing discretion in fashion Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/21/2024

---

[2] Appellant submits that "the trial court admitted ignoring Appellant's potential for rehabilitation." Appellant's Br. at 13. A review of the sentencing transcript reveals that Appellant's rehabilitative needs were considered but afforded no weight because the trial court stated it has not seen Appellant demonstrate responsibility for his crimes. N.T. at 105-06.